## Hunter, Trustee, etc. v. Anderson, Appellant.

[Marked to be reported.]

*Conversion—Trust to buy and sell land—Liens.*

Where an agreement provides that trustees shall purchase land for the use of the cestuis que trust and hold and sell the same as early as practi-cable for the purpose of converting the same into money and of paying over the proceeds to the cestuis que trust in proportion to their several and respective interests, such agreement works a conversion of the land pur-chased.    Consequently a purchaser from the trustees takes the land free from liens against the cestuis que trust and unaffected by the dower of their wives.

*Surviving trustee—Power to convey land—Act May 5, 1855.*

Where a trust to sell land is conferred upon trustees by name and does not in terms require the whole number to act, the trust is well executed by the survivors under the act May 5, 1855 : P. & R. R. R. v. Lehigh Coal & Navigation Co., 36 Pa. 204, applied.

Argued Nov. 4, 1892.    Appeal, No. 206, Oct. T., 1892, by Charles A. Anderson, defendant from judgment of C. P.

No. 2, Allegheny Co., Oct. T., 1892, No. 210, for plaintiff, Morton Hunter, trustee, etc., on case-stated. Before Pax- son, C. J., Green, Williams, McCollum, Mitchell and Heydrick, JJ.

Case-stated setting forth that one McCallin confessed judg- ment to Morton Hunter, trustee for the use of Gamble Weir et al., McCallin's creditors, and that Morton and Weir purchased at sheriff's sale McCallin's real estate, sold under a fi. fa. at the suit of Hunter, trustee as aforesaid. That the purchase was made under an agreement executed by Weir et al., McCallin's creditors, dated Dec. 31, 1891, duly recorded, but not signed by the wives of the cestuis que trust, giving to the said Weir and Hunter full authority to sell and convey the said real estate and to distribute the money received for the same, after de- ducting expenses, to said creditors. The material clauses of the agreement are fully set forth in the opinion of the Supreme Court.

Weir having since died, Hunter, the surviving trustee, sold part of the said real estate to defendant, and tendered him a deed for the same; but the defendant refused to pay the price agreed on, because (1) the surviving trustee had no power to convey, (2) such conveyance would not divest the dower interest of the wives of the cestuis que trust, and (3) such conveyance would not divest liens against cestuis que trust, there being liens not of record against Weir. If the court were of opinion that the agreement of Dec. 31, 1891, worked a conversion of the land into personalty, that there were no liens or dower at- taching to the land, and that the surviving trustee had power to convey, judgment to be entered for plaintiff for the purchase money, otherwise for defendant. The court entered judgment for plaintiff.

*Errors assigned* were inter alia (1) entry of judgment; and (3) as stated in opinion of Supreme Court.

*Geo. N. Chalfant*, for appellant.—While the powers of the trustees were the same, the interests were different. Hunter had no interest in land; Weir had a power of sale coupled with an interest in the land. There were no words of survivorship in the power of sale. Discretionary powers do not devolve on surviving trustee: Wilson v. Pennock, 27 Pa. 238; 2 Perry, Trusts, par. 499; 1 Sugden, Powers, 146.

The vacancy caused by the death of Gamble Weir should have been filled by proceedings under the act of June 14, 1836, P. L. 633, relating to trustees, and the sale made under the act of April 18, 1853, P. L. 503.

A judgment is a lien on every kind of equitable or trust estate: Reed's Ap., 13 Pa. 476 ; Carkhuff v. Anderson, 3 Bin. 4 ; Auwerter v. Mathiot, 9 S. & R. 402. And especially would the debts of Gamble Weir, whether of record or not, be a lien on the land in question. In Drysdale's Appeal, 15 Pa. 457, where land was purchased by a trustee, he having a beneficial interest therein, it was held that a judgment against the trustee was a lien on the land, and payable out of the proceeds of sale by a subsequently appointed trustee.

Further, defendant would take the property encumbered by the dower interests of the several wives of the cestuis que trust, who were not made parties to the declaration of trust: Reed v. Morrison, 12 S. & R. 17 ; Bowers v. Oyster, 3 P. & W. 244 ; Jones v. Patterson, 12 Pa. 154. Nor is legal seisin by the husband essential to support dower : Bradfords v. Kents, 43 Pa. 478.

In order to effect a conversion the direction to convert in a trust must be couched in imperative language: Bleicht v. Bank, 10 Pa. 31. A discretion in trustees as to whether a sale will or will not take place, will, of course, prevent a conversion : Bispham, Eq., par. 312. Such a discretion the trustees in this case had. Conversion is limited to the purpose of the donor: Bispham, Eq. 315 ; Hill, Trustees, 127, 128. But not so as to defeat liens : Foster's Ap., 74 Pa. 398.

*Morton Hunter*, for appellee, not heard, relied on act of May 3, 1855, P. L. 415 ; P. & R. R. R. v. Lehigh Co., 36 Pa. 212 ; Wilson v. Pennock, 27 Pa. 240 ; Magee's Est., 32 Pitts. L. J. 401 ; Anderson's Law Dictionary, title, Interest ; Hunt v. Rousmanier, 8 Wheat. 204 ; Flanagan v. Brown, 70 Cal. 259 ; Hartley and Minors' Ap., 53 Pa. 212 ; 1 Scribner, Dower, 438 ; Berrien v. Berrien, 3 Green's Ch. 37 ; Coster v. Clarke, 3 Edw. Ch. 429 ; Greene v. Greene, 1 Ohio, 535 ; Willing v. Peters, 7 Pa. 289 ; Encyclopedia of Law, title, Dower, p. 896 ; Craig v. Leslie, 3 Wheat. 563 ; Jones v. Caldwell, 97 Pa. 43 ; Fells' Est., 9 W. N. 382 ; Billington's Ap., 3 Rawle, 48 ; Oeslager v. Fisher, 2 Pa. 469.

OPINION BY MR. CHIEF JUSTICE PAXSON, January 3, 1893:

The third specification presents the only question that requires discussion. The specification is as follows: "The court erred in not holding that the said Morton Hunter, trustee, had no power to convey the premises in question to defendant in fee simple, free and discharged from the lien of judgments of record against either of the cestuis que trustents, or from the lien of debts not of record against the estate of Gamble Weir, deceased, or from the lien of the dower interest of the respective wives of the cestuis que trustents."

This specification is based upon the theory that the real estate in question retained its distinctive character as real estate in the hands of the trustee, and was subject to the lien of judgments against either or all of the beneficial parties to said trust. A careful examination of the instrument of writing, bearing date 31st of December, creating this trust, leads us to a different conclusion. The duties of the trustee are thus defined in that instrument: "To bid in and purchase at said sheriff's sale any or all of said real estate of said William McCallin, if the same should, in their opinion, become necessary in order to secure the interests of said parties of the first part, and of said Gamble Weir, and to take a deed or deeds therefor from the sheriff in the name of said trustees conveying to them the estate in said lands as trustees for the use of said parties of the first part as well as for the use of said Gamble Weir, upon the trust that said trustees shall hold said lands so conveyed for the purpose of making sale thereof, and that said trustees will make sale thereof as early as practicable for the purposes of converting the same into money, at either public or private sale, for such prices and on such terms as they shall deem best, and that said trustees make, execute and deliver all necessary deeds and conveyances for the real estate so sold by them, without any liability on the part of the purchaser to see to the faithful application of the purchase money, and that said trustees will, from time to time, pay over to said parties of the first part and to said Gamble Weir, the proceeds of such sales, less the expenses necessarily incurred and their commissions, to be divided among them in proportion to their several and respective interests in said judgment."

The effect of this agreement was to place the title of the

real estate when purchased in the trustees named therein for the purpose of sale, and distribution of the proceeds thereof in money to and among the parties entitled thereto. We think this was a conversion, and that the property in question was not bound by the lien of judgments against any of the beneficial parties. The principle, that a direction to sell land works a conversion, is so well settled that it is almost needless to cite authority. It is sufficient to refer to Jones v. Caldwell, 97 Pa. 43. The principle that land which has been converted is not bound by a lien against a cestui que trust, is also well established, and is ruled in that case; and the land which has been converted is not affected by the dower of the wife of a cestui que trust: Willing v. Peters, 7 Pa. 287.

The only remaining question relates to the power of the surviving trustee to convey. The trust was conferred on the trustees by name, and did not in terms require the whole number to act. Without entering upon an elaborate discussion of this point, we are of opinion that the act of 5th of May, 1855, P. L. 415, which was a supplement to the act of 14th of June, 1836, P. L. 630, covers it fully. It was held in Philadelphia & Reading Railroad Company v. The Lehigh Coal and Navigation Company, 36 Pa. 204, that in case of the death of one or several of the trustees, a power of sale under the act of 3d of May, 1855, is well executed by the survivors.

Judgment affirmed.