## Pittsburg Wagon Works' Estate. Kountz's Appeal.

*Partnership—Unincorporated joint stock association—Trust and trustees —Real estate—Personal property.*

Where an unincorporated joint stock association is organized for the purpose of buying real estate, the title to which is to be held by an individual in trust for the association, and the by-laws of the association provide that the interest of each member shall be determined by the number of shares which he holds, and that he can only dispose of his interest by transferring his shares on the books of the company, the real estate of the association is personal property, and the interest of a member cannot be sold under an execution as real estate.

Argued Oct. 29, 1902. Appeal, No. 58, Oct. T., 1902, by W. J. Kountz, from decree of C. P. No. 2, Allegheny Co., Oct. T., 1896, No. 614, dismissing exceptions to auditor's report in case of Pittsburg Wagon Works' Estate. Before MITCHELL, DEAN, FELL, BROWN, MESTREZAT and POTTER, JJ. Affirmed.

Exceptions to report of William H. McClung, Esq., auditor. The opinion of the Supreme Court states the case.

*Errors assigned* were in dismissing exceptions to auditor's report.

*D. F. Patterson*, with him *J. Charles Dicken*, for appellant, cited on the question of conversion: Sauerbier's Estate, 202 Pa. 187; Abbott's App., 50 Pa. 234; Oliver's Estate, 136 Pa. 43; Thomson's Est., 153 Pa. 332.

Cited on the question of partnership: Meily v. Wood, 71 Pa. 488; Foster's App., 74 Pa. 391.

*William A. Sipe*, for appellee, cited as to the character of land held by trustee: Rife v. Geyer, 59 Pa. 393; Dodson v. Ball, 60 Pa. 492; Barnett's App., 46 Pa. 392; Shankland's App., 47 Pa. 113; Brolaskey v. Gally, 51 Pa. 509; Dickerson's App., 115 Pa. 198; Oeslager v. Fisher, 2 Pa. 467; Fell's Estate, 9 W. N. C. 382; Tiernan's Estate, 31 Pitts. Leg. Jour. 185; Allison v. Wilson, 13 S. & R. 330; Miller v. Meetch, 8

Pa. 417; Morrow v. Brenizer, 2 Rawle, 185; Willing v. Peters, 7 Pa. 287; Beal v. Stehley, 21 Pa. 376; Stewart v. McMinn, 5 W. & S. 100; Flanagin v. Wetherill, 5 Whar. 280; Mitchell v. Stiles, 13 Pa. 306; Heath v. Page, 63 Pa. 108; Coates v. Gerlach, 44 Pa. 43.

OPINION BY MR. JUSTICE MESTREZAT, January 5, 1903:

The very full, clear and able report of the learned auditor, in which he considers all the questions involved in this controversy, relieves us of any extended discussion of the case.

W. J. Kountz and some other stockholders of " the Pittsburg Wagon Works," a corporation engaged in the manufacture of wagons and agricultural implements, formed themselves into an association with a capital stock of $30,000, for the purpose of purchasing a claim against the corporation amounting to $37,500 in mortgage held by John R. McCune et al.   On October 30, 1883, the association adopted by-laws, the 1st section of which provides that " this company shall be called the ' Pittsburg Wagon Works Association.'   The capital stock shall consist of $30,650 and shall be divided into 613 shares of the par value of $50.00 each."   The by-laws further provide that " the legal right to all property of this company shall be held by one person," and that the title shall be for the time being in his own proper name with the addition thereto of " trustee of the Pittsburg Wagon Works Association," in trust for the use, benefit and behoof of the company.   A two-thirds vote of the shares of the stockholders is necessary to authorize the trustee to sell, assign, transfer or incumber the property.   Section 3 further provides as follows : " The stock shares and interest of and in this company shall be assignable and transferable by the holder thereof in person or by attorney only on the books of this company, which books the secretary shall cause to be kept, showing the names of stockholders and the respective amount of stock held by each—in the presence of the president or secretary—and upon such transfer the assignee of such share or shares, shall thereby as to such share or shares succeed and become subject to all the rights and obligations of an original party thereto."

The association purchased the mortgage against the real estate of the Pittsburg Wagon Works and by proceedings thereon

sold the same at sheriff's sale in March, 1880, the association becoming the purchaser, and the title being taken in the name of the trustee.    By virtue of an execution at No. 207, December term, 1883, issued on a judgment against W. J. Kountz, his interest in said real estate was sold on November 30, 1883, and Peninah W. Kountz, the appellant's testator, became the purchaser.    It is claimed that the mortgaged premises were held by the association as real estate and that W. J. Kountz's interest therein passed to Mrs. Kountz by virtue of the levy and sale on the execution.    The appellant therefore contends that he is entitled to the interest of W. J. Kountz in the association, being 230 shares of the capital stock thereof, and to that extent to participate in the proceeds of this real estate sold by the trustee under the Price act.

The learned auditor and court below correctly held that the interest of W. J. Kountz was personalty and not real estate, and that the levy on the execution created no lien on the real estate held by the association, and that the sale by the sheriff vested no interest in the real estate in Mrs. Kountz.    The association was formed for the purpose of purchasing the mortgage against the Pittsburg Wagon Works.    Having secured the mortgage, the association was compelled to enforce the payment of it by a sale and purchase of the real estate.    The by-laws adopted October 30, 1883, fixed the character of the real estate held by the association.    As we have seen, they require the title of the association's property to be in the name of the trustee and not in the names of the individual members.    The interest of any member is determined by the number of shares he holds in the capital stock of the company.    He could only dispose of his interest by transferring on the books of the company, in the presence of the president or secretary, his shares of stock to the purchaser who should " thereby as to such share or shares succeed and become subject to all the rights and obligations of an original party thereto."    Such was the nature and character of the interest of W. J. Kountz in the Pittsburg Wagon Works Association in November, 1883, and it is clear that it was not subject to levy and sale as real estate.

The auditor and court below awarded the Spiking and Chadwick interests (sixty-five shares) in the association to the appellant but he complains in his first assignment that the auditor

erred in finding " that it has not been shown by clear and satisfactory evidence that Mrs. Peninah W. Kountz had, at the time of the purchase from W. D. Spiking, or at the time of the purchase from Joseph Chadwick, . . . . a separate estate out of which she made said purchases, or any of them." This finding becomes immaterial in view of the fact that we have this day quashed the appeal at No. 183, October term, 1902, which assailed the correctness of the auditor in holding that appellant was entitled to these interests in the association.

We have held that Mrs. Kountz took no title to W. J. Kountz's interest in the real estate of the association or in the association itself by virtue of the sheriff's sale, and it follows that she has no standing to contest the right to said interest in the association of John Phillips, trustee of the Manchester Savings Bank, to whom it was awarded by the auditor. She, having no right to the interest, is not in a position to question the disposition of it by the auditor, and hence the sixth assignment of error cannot be sustained.

Under the testimony in the case, we are not convinced that there was error in allowing the credits claimed by the accountant for commission and for professional services.

The interest which has accrued on the fund for distribution should be distributed in proportion to the shares in the association held by the respective claimants.

The assignments are overruled and the decree is affirmed.