Carratelli, Appellant, *v.* Castrodale et al.

Argued November 13, 1957. Before RHODES, P. J., HIRT, GUNTHER, WRIGHT, WOODSIDE, ERVIN, and WATKINS, JJ.

*George A. Baldwin,* with him *Baldwin and Baldwin,* for appellant.

*A. G. Helbling,* with him *Frank C. Lewis,* for appellees.

OPINION BY RHODES, P. J., January 21, 1958:

Plaintiff brought an action to quiet title and obtain possession of land sold at a tax sale. The small triangular lot in question was approximate to land upon which plaintiff had built a small apartment house. In their answer defendants alleged the invalidity of plaintiff's title acquired from the County Commissioners of Beaver County, who in turn had acquired the land under a tax sale from the County Treasurer of Beaver County. Defendants, who were in possession

of the disputed land, in their answer also asserted title based on adverse possession for over thirty years.

At the trial, as an essential part of plaintiff's proofs, he offered in evidence, as exhibits, a deed from the county treasurer, dated July 19, 1943, to the county commissioners, and a deed from the commissioners to plaintiff, dated June 28, 1945.[1] Defendant objected to their admission because the property as claimed was lumped with other parcels at the sale for which the assessments and returns were separate, and because the description was not sufficient to identify the property.

The trial judge sustained defendants' objections to the admission of these deeds, and granted defendants' motion for a compulsory nonsuit for the reason that plaintiff failed to establish his title and right to possession by the proofs offered. The court below later denied the motion to take off the nonsuit, stating that the deeds offered by plaintiff to establish his title had no validity in law, and that plaintiff failed to prove title in himself. Plaintiff has appealed to this Court.

Plaintiff does not point out any error in the refusal to take off the nonsuit but questions the sufficiency of the defense to the action. In denying the motion to take off the nonsuit the court below properly applied as controlling the ruling in *Boulton v. Starck*, 369 Pa. 45, 85 A. 2d 17. In that case the Supreme Court held that the plaintiff's title, derived through a treasurer's tax sale, was invalid because it conclu-

---

[1] The description in the deeds was as follows:

"Lot Harmony Ave.; Lot 40 x 80 Lloyd St.; ¾ Acre of land, McKinley Run; Blk. of ground, . . ." The land was situate in the Borough of Rochester, Second Ward, County of Beaver, Commonwealth of Pennsylvania. The tracts were separately assessed and jointly sold.

sively appeared that properties separately assessed and returned were combined in the tax sale proceedings. In reversing the court below on this point, Mr. Justice LADNER stated (page 49 of 369 Pa., page 19 of 85 A. 2d): "Property separately assessed must necessarily be separately sold at tax sales for the tax lien on one property is not a lien on the other even if the ownership be the same. This has been the recognized practice for over a century and must remain so until the legislature sees fit to make a change."

Plaintiff contends that the rule as stated above has no application to the present case and points to the fact that defendants are not record owners but assert title by adverse possession. It is well settled, however, that in an action to quiet title, as in ejectment, a plaintiff must recover on the strength of his own title, and not on the weakness of that of defendant. *Blummer v. Metropolitan Life Insurance Company,* 362 Pa. 7, 12, 66 A. 2d 245; *Versailles Township Authority v. McKeesport,* 171 Pa. Superior Ct. 377, 384, 90 A. 2d 581. This principle seems to be ignored in the statement of questions involved submitted by plaintiff.

Moreover, a tax sale of land is not valid unless both the assessment and the conveyance by the treasurer sufficiently identify the parcel sold. In *Sarous v. Morgan,* 171 Pa. Superior Ct. 165, 90 A. 2d 353, we held plaintiff's tax title void as the description, under which the land involved was assessed, was wholly inadequate to identify it. We there said (page 167 of 171 Pa. Superior Ct., page 354 of 90 A. 2d): "If there be no valid assessment, the tax sale is void, and no interest passes to the county as a result thereof: Hunter v. McKlveen, Prothonotary, et al., 361 Pa. 479, 65 A. 2d 366." Although there may be merit in both of defendants' sustained objections to the admission of the deeds, the reasons given by the court below were ade-

quate to warrant the entry of the nonsuit and were conclusive to plaintiff's action. The property in question was not sold to the county commissioners by the county treasurer separately, but was combined for sale with other noncontiguous properties owned by the record owner, H. C. Fry Glass Company, against which various assessments for delinquent taxes were made. The county treasurer's deed combined these properties in a single conveyance to the county commissioners. The deed had no validity as it was based on a void tax sale.

We note that plaintiff cites *Thompson v. Frazier*, 159 Pa. Superior Ct. 395, 48 A. 2d 6, where Judge RENO referred to section 12 of the Act of May 29, 1931, P. L. 280, as amended by the Act of June 20, 1939, P. L. 498, 72 PS §5971 (1), as curing certain alleged defects after confirmation of a treasurer's tax sale and deed. The *Thompson* case was distinguished on its facts by the Supreme Court in *Hess v. Westerwick*, 366 Pa. 90, 76 A. 2d 745, and it is likewise distinguishable from the present case. Here the defect in plaintiff's tax title from the county commissioners appeared in his own case, and it was such a fundamental defect that the title was not validated by section 12 of the Act of 1931, as amended, 72 PS §5971 (1). Cf. *Muccioli v. Kaminski*, 81 Pa. D. & C. 561. A remedial statutory provision may cure irregularities in the assessments, process, and other proceedings in sales by county treasurers for taxes, but it cannot give validity to jurisdictional defects and vital irregularities. *Scranton v. O'Malley Manufacturing Co.*, 341 Pa. 200, 207, 19 A. 2d 269.

Order is affirmed.