663 A.2d 158

Robert KRUMBINE, Harold J. Tice, and Robert E. Henning,
Trustees of the South Lebanon Rod and Gun Club

v.

LEBANON COUNTY TAX CLAIM BUREAU, W.
Lowell Eckenroth and Larry K. Karpendko.

Appeal of LEBANON COUNTY TAX CLAIM BUREAU.

Supreme Court of Pennsylvania.

Submitted July 27, 1994.

Decided July 25, 1995.

Rosamond A. Presby, Lebanon, for appellant.

George E. Christianson, Lebanon, for appellee.

Before NIX, C.J., FLAHERTY, ZAPPALA, CAPPY, CASTILLE and MONTEMURO, JJ.

## OPINION OF THE COURT

CASTILLE, Justice.

This case presents the issue of whether the Real Estate Tax Sale Law (the "Tax Sale Law"), 72 P.S. § 5860.101 *et seq.*, requires individual notification of a pending tax sale of real estate to each of the three persons listed on the deed to the real estate, each of whom are the trustees of the real estate for an unincorporated association. For the reasons set forth below, we find that the Tax Sale Law does require separate notification under such circumstances. Since appellant, the Lebanon County Tax Claim Bureau, failed to give individual notification to each of the instant trustees, we affirm the order of the Commonwealth Court which voided the instant tax sale of the trustees' real estate.

The facts are not in dispute. By deed dated October 3, 1961, Robert Krumbine, Harold J. Tice, and Robert E. Henning purchased a parcel of land situated in Lebanon County (the "property") in their capacity as trustees for the South Lebanon Rod and Gun Club (the "Club"), an unincorporated association. Each of the trustees' names appeared on the indenture agreement as the purchasers of the property. However, the agreement listed only Tice's address. Tice's address was also listed on the Lebanon County Assessment Office records, and all tax bills were subsequently mailed exclusively to that address.

In September 1991, the Lebanon County Tax Claim Bureau (the "Tax Bureau") sold the property in satisfaction of delinquent taxes for the tax year 1989. The Tax Bureau mailed notice of the tax sale only to Harold Tice; the Tax Bureau did not mail notice of the tax sale to either Krumbine or Henning, even though their names were also listed on the indenture agreement. After the Tax Bureau sold the property, appellees (as the Club's trustees) appealed the sale to the Lebanon County Court of Common Pleas, arguing that notice of the sale was *per se* insufficient since the Tax Bureau failed to mail notices of the sale to the other two named trustees, Krumbine and Henning.

Following a bench trial, the trial court upheld the tax sale, finding that the Club and not the trustees owned the property and, therefore, that the trustees were not each entitled to notice before the sale could occur. On appeal, the Commonwealth Court reversed the trial court's order, finding that the Club could not be considered the legal owner of the property and, therefore, that the Tax Bureau's sole notification to appellee Tice was *per se* insufficient. This appeal followed.[1]

■ Notice of a pending tax sale must be given at least 30 days before such sale (1) by publication in two newspapers of general circulation and in one legal journal; (2) by certified mail to each owner of the property; *and* (3) by posting. 72 P.S. § 5860.602. *Accord Geier v. Tax Claim Bureau of Schuylkill County*, 527 Pa. 41, 44, 588 A.2d 480, 482 (1991). There is no dispute that the Tax Bureau gave notice of the instant tax sale by publication and posting. Rather, the sole dispute in this matter relates to whether the Tax Bureau gave sufficient notice by certified mail to each "owner" of the property. For purposes of determining to whom certified mail notification is required to be sent, an "owner" of real estate is defined as, *inter alia*, the person whose name appears as an owner of record on any deed or instrument of conveyance recorded in the county office designated for recording. 72 P.S. § 5860.102. Here, the instant conveyance document listed "Robert Krumbine, Harold J. Tice, [and] Robert E. Henning, Trustees for SOUTH LEBANON ROD AND GUN CLUB, an unincorporated association" as the purchasers of the property. Since these were the only grantees listed on the conveyance document, only (1) the South Lebanon Rod and Gun Club; and/or (2) Robert Krumbine, Harold J. Tice, and/or Robert E. Henning, as trustees for the Club, could have been the "owner(s)" of the property to whom the Tax Bureau was required to send certified mail notice of the tax sale.

1. We note that appellate review in tax sale cases is limited to determining whether the trial court abused its discretion, rendered a decision without substantial supporting evidence, or clearly erred as a matter of law. *Appeal of Marple Springfield Center, Inc.*, 530 Pa. 122, 126, 607 A.2d 708, 709–710 (1992).

 Absent express statutory authority, however, an unincorporated association is not a legal entity; it has no legal existence separate and apart from that of its individual members. *Selected Risks Insurance Co. v. Thompson*, 520 Pa. 130, 135, 552 A.2d 1382, 1385 (1989).[2] In turn, only an entity with a recognized legal existence may own and possess property. *See Sumner v. Brown*, 312 Pa. 124, 128, 167 A. 315, 317 (1933) (partners own property as tenants in partnership and the partnership is not a legal or fictitious person capable of owning property *sui juris* ). Accordingly, property ownership by an unincorporated association, which has no cognizable legal existence, is impossible absent statutory authority to the contrary; rather, an unincorporated association's trustees take legal title to the property for the benefit of the association. *In re Pittsburg Wagon Works' Estate*, 204 Pa. 432, 54 A. 316

2. *But see* Pa.R.C.P. 2153(a), (c), Actions against [Unincorporated] Associations, which authorizes civil legal action against a Pennsylvania unincorporated association in its own name. Accordingly, for purposes of suit, the law treats unincorporated associations as a separate legal entity. *See also* Pa.R.C.P. 2152, Actions by [Unincorporated] Associations, which limits civil legal action by a Pennsylvania unincorporated association only in the name of a member or members as trustees *ad litem* for such association.

Therefore, a Pennsylvania unincorporated association may be considered a legal entity for some purposes and not for others. This legal disparity exists in the law of most of our sister states as well. *See, e.g., Hutchins v. Grace Tabernacle United Pentecostal Church*, 804 S.W.2d 598 (Tex.App.1991) (rule authorizing suit by or against unincorporated association in its common name for purpose of defending or enforcing substantive right does not create in unincorporated entity ability to hold real estate); *Jones v. Alpine Investments, Inc.*, 764 P.2d 513 (Okl.1987) (former statute which provided for the manner in serving unincorporated association which appeared as owner of real property did not confer upon unincorporated associations generally the capacity to take title to realty). *Compare Future Federal Sav. and Loan Ass'n v. Daunhauer*, 687 S.W.2d 871 (Ky.App.1985) (unincorporated association, which was not a legal entity, could not hold title to real property, in absence of some statute providing for such title) *with American Collectors Exchange, Inc. v. Kentucky State Democratic Central Executive Committee*, 566 S.W.2d 759 (Ky.App.1978) (association itself can be made a party to class action suit in that such association is deemed, pursuant to statute, to have "sufficient legal entity" to be sued in such fashion). *Compare also Crane v. Crane*, 683 P.2d 1062 (Utah 1984) (unincorporated association cannot hold or transfer title to property) *with Utah Bankers Ass'n v. Utah Dept. of Financial Institutions*, 888 P.2d 714 (Utah App.1994) (an association may bring an action on behalf of its members).

(1903). *See also Fuhrman v. Doll,* 305 Pa.Super. 277, 281, 451 A.2d 530, 532–533 (1982) (property ostensibly owned by an unincorporated association is in reality held by the named trustees for the benefit of the present and future membership of the association); 6 Am.Jur.2d Associations and Clubs § 13; 7 C.J.S. Associations § 35; and 3 P.L.E. Associations and Clubs § 5; 15 A.L.R.2d 1451 (an unincorporated association cannot own property in its own name).

■ Since no Pennsylvania statute authorizes an unincorporated association to take title to property in its own name, it would be patently unreasonable to conclude that a Pennsylvania unincorporated association could nonetheless be considered the "owner" of property merely because the association's name appears on the document by which property is conveyed. *Cf.* 10 P.S. § 21, Religious Societies Empowered to Hold Real Estate. As such, an unincorporated association cannot be an "owner" of real estate to which notification of a tax sale of real property is required to be sent. *See* 1 Pa.C.S. § 1922(1) (in construing the meaning of a statute, it is presumed that the General Assembly did not intend a result that is impossible of execution or that is unreasonable). *See also Treaster v. Union Township,* 430 Pa. 223, 227, 242 A.2d 252, 255 (1968) (statutes are presumed to employ words in their popular and plain everyday sense, and the popular meaning of such words must prevail unless statute defines them in a contrary manner). Thus, because the South Lebanon Rod and Gun Club is an unincorporated association which cannot acquire and hold property in its own name, it could not have been the "owner" of the property to which notification of the tax sale was required to be sent.

■ In contrast, since legal title to property vests in the trustees of an unincorporated association, such trustees may be considered the "owners" of property in accordance with 72 P.S. § 5860.102 when the trustees' names appear on the conveyance document. Therefore, since the instant conveyance document listed the names "Robert Krumbine, Harold J. Tice, and Robert E. Henning," each of them is to be consid-

ered an "owner" of the property. Therefore, the instant tax sale of the property cannot stand absent notice to each "owner" of the property. 72 P.S. § 5860.602.

■ The Tax Bureau argues that the Club's trustees were not each entitled to individual notification because they were not the "owners" of the property as that term is commonly understood. The Tax Bureau maintains that property ownership entails certain rights incident to that ownership interest and that since association trustees do not enjoy all the rights normally associated with property ownership, they should not be considered "owners" of property under 72 P.S. § 5860.602. In support of this argument, the Tax Bureau cites *Fuhrman v. Doll, supra,* 305 Pa.Super. at 280–281, 451 A.2d at 531, in which the Superior Court determined that an unincorporated association's trustees do not enjoy all of the rights and incidents of property ownership. In *Fuhrman,* a group of trustees bought a hunting camp and took title to the camp in their own names for the benefit of their hunting club. Later, the club removed one of the trustees from their membership; that trustee then sought a judicial partition of the real estate. The Superior Court denied the partition request on the basis that the trustees owned the property for the benefit of the association and not for the benefit of the trustees and that, therefore, an individual trustee could not demand a judicial partition of the property. *Id.*

In the instant matter, the Commonwealth Court found *Fuhrman* unpersuasive in determining the proper "owner" of property for purposes of the Tax Sale Law's notification requirements. We agree. *Fuhrman* presented the issue of whether a trustee's rights to the property as a title holder to the property trumped the association's members' rights to the property. The *Fuhrman* court determined that since the trustee took title to the property not for his own benefit but only for the association's benefit, he could not seek a partition of the property and, therefore, he did not enjoy all of the benefits of property ownership. Here, however, the instant trustees demanded individual notice of the tax sale in order to preserve, not destroy, the association's members' right to

benefit of the property. There is, therefore, no need for this Court to determine the extent of the trustees' rights in the property relative to the association's members' rights in the property as there was in *Fuhrman.*

Rather, we are charged with another task for which *Fuhrman* is of little or no assistance. We must determine whether the Tax Sale Law required the Tax Bureau to send by certified mail three separate notifications of the tax sale to each of the trustees, Robert Krumbine, Harold J. Tice, and Robert E. Henning, or whether the Tax Sale Law only required the Tax Bureau to send by certified mail one notification of the tax sale. We hold that the Tax Sale Law requires certified mail notice to be sent "to *each* owner" of the property pursuant to 72 P.S. § 5860.602(e)(1) and that for this purpose, the trustees in this case are the owners of the property to whom such notice was required to be sent.

In *Teslovich v. Johnson,* 486 Pa. 622, 627, 406 A.2d 1374, 1377 (1979), this Court affirmed the individual notification requirement, holding that the Tax Sale Law requires that every owner of property must be treated as distinct from each of the other owners of the same concurrently-owned property and, therefore, that separate and individual notice must be sent by certified mail to each named owner of property for which a tax sale is contemplated. The Court also determined that "[t]he notice provisions of the tax sale statute must be strictly complied with in order to guard against the deprivation of property without due process of law." 486 Pa. at 628, 406 A.2d at 1378.[3] Here, the conveyance document did not

---

3. The Tax Bureau also argues that since the instant conveyance document designated Tice as the sole recipient of all tax-related correspondence and because Tice was in fact the sole recipient of all tax-related correspondence, the notice of the tax sale it sent exclusively to Tice was legally sufficient notice. This position ignores, however, the notion that due process requires notification of a tax sale to each owner of property sought to be sold under the Tax Sale Law. *Geier, supra,* 527 Pa. at 46–47, 588 A.2d at 483. In *Geier,* it was the contractual responsibility of Geier's co-tenant to pay all property taxes. Geier never received any tax bills and never paid any of the taxes on the subject property. Nevertheless, this Court set aside the tax sale of the property, holding that the county tax claim bureau failed to satisfy the requirements of due process in conducting the tax sale when it sent notice of the sale

differentiate between the interests in the property held by Tice, Krumbine, or Henning, the named trustees for the Club. Accordingly, for purposes of the Tax Sale Law, Tice, Krumbine *and* Henning became the concurrent owners of the property when the property was conveyed to them as trustees in 1961. *See Graham's Estate,* 218 Pa. 344, 351–354, 67 A. 458, 466–467 (1907) (where there are two or more trustees, they constitute but one collective trustee whose powers, interest, and authority are equal and undivided; and, on the death of one of several co-trustees, the doctrine of survivorship applies) and *Hunter v. Anderson,* 152 Pa. 386, 389–390, 25 A. 538, 540 (1893) (same).

Later, when the property was listed for the tax sale, the Tax Bureau sent notice by certified mail only to Harold Tice; no notice was mailed to or received by either of the other two trustees and joint tenants, Krumbine or Henning. As such, the Tax Bureau failed to send notice of the tax sale by certified mail to each owner of the property as required by the Tax Sale Law. Accordingly, we set aside the instant tax sale because the property was owned jointly and notice of the tax sale was not given to each of the joint owners. *Geier, supra,* 527 Pa. at 46–47, 588 A.2d at 483; *Teslovich,* 486 Pa. at 628, 406 A.2d at 1378. The order of the Commonwealth Court is affirmed.

MONTEMURO, J., is sitting by designation.

only to Geier's co-tenant and failed to send notice to Geier. *Id.* Accordingly, we reject appellant's argument that certified mail notice of a tax sale of property sent to a named agent and not to each owner as required by the Tax Sale Law is legally sufficient notice.