Mazza v. Ski Shawnee Inc.

C.P. of Monroe County, no. 10506 CV 2004.

*Eric W. Wassel,* for plaintiffs.
*Hugh M. Emory,* for defendant.

CHESLOCK, *J.,* June 29, 2005—Plaintiffs Jean Mazza and Mark Mazza, h/w, commenced this action by complaint filed on December 29, 2004. The complaint seeks damages for personal injuries stemming from a snow tubing accident which occurred on January 10, 2003. The complaint avers that plaintiff Jean Mazza's snow tube broke loose from the tubing lift, causing her to be catapulted over an embankment, resulting in significant personal injuries. On February 11, 2005, defendant Ski Shawnee Inc. filed an answer with new matter. On April 25, 2005, defendant filed a motion for judgment on the pleadings. Defendant filed a brief in support of its motion on May 17, 2005. Plaintiffs filed their brief in opposition to defendant's motion for judgment on the pleadings on June 1, 2005. We heard oral arguments from counsel on June 6, 2005, and we are now prepared to dispose of this matter.

Pa.R.C.P. 1034 provides as follows:

"(a) After the relevant pleadings are closed, but within such time as not to unreasonably delay the trial, any party may move for judgment on the pleadings.

"(b) The court shall enter such judgment or order as shall be proper on the pleadings."

Pa.R.C.P. 1034 provides for a motion for judgment on the pleadings to be used to test whether such a cause

of action as pleaded exists at law. *Bensalem Township School District v. Commonwealth of Pennsylvania,* 518 Pa. 581, 544 A.2d 1318 (1988). A judgment on the pleadings may be entered where there are no disputed issues of fact and the moving party is entitled to judgment as a matter of law. *Kosor v. Harleysville Mutual Insurance Company,* 407 Pa. Super. 68, 595 A.2d 128 (1991). In determining if there is a dispute as to facts, the court must confine its consideration to the pleadings and relevant documents. *DiAndrea v. Reliance Savings and Loan Association,* 310 Pa. Super. 537, 456 A.2d 1066 (1983). "The court must accept as true all well pleaded statements of fact, admissions, and any documents properly attached to the pleadings presented by the party against whom the motion is filed, considering only those facts which were specifically admitted." *Conrad v. Bundy,* 777 A.2d 108, 110 (Pa. Super. 2001).

The pleadings establish that Mazza signed two releases, one provided by defendant and the other provided by the Fraternal Order of Eagles who arranged to use the snow tubing facility on January 10, 2004. Plaintiffs agree that Mazza signed a "Snow tubing acknowledgement of risk and agreement not to sue" (release) which was provided by defendant. The release contains the following language, in relevant part:

"Snow Tubing Acknowledgement Of Risk And Agreement Not To Sue This Is A Contract Read It!

"(1) I understand and acknowledge that snow tubing is a dangerous, risk sport and that there are inherent and other risks associated with the sport and that all of these risks can cause serious and even fatal injuries. . . .

"(3) I acknowledge and understand that some, but not necessarily all, of the risks of snow tubing are the following: . . .

"*the use of the snow tubing lift or tow, including falling out of a tube, coasting backwards, becoming entangled with equipment and other risks. . . .

"(5) I agree and understand that snow tubing is a purely voluntary recreational activity and that if I am not willing to acknowledge the risks and agree not to sue, I should not go snow tubing.

"(6) *In Consideration Of The Above And Of Being Allowed To Participate In The Sport Of Snow Tubing, I Agree That I Will Not Sue And Will Release From Any And All Liability Ski Shawnee Inc. If I Or Any Member Of My Family Is Injured While Using Any Of The Snow Tubing Facilities Or While Being Present At The Facilities, Even If I Contend That Such Injuries Are The Result Of Negligence Or Any Other Improper Conduct On The Part Of The Snow Tubing Facility.*

"(7) *I Further Agree That I Will Indemnify And Hold Harmless Ski Shawnee Inc. from any loss, liability, damage or cost of any kind that may incur as the result of any injury to myself, to any member of my family or to any person for whom I am signing this agreement, even if it is contended that any such injury as caused by the negligence or other improper conduct on the part of Ski Shawnee Inc.*

"(10) I have read and understood the foregoing acknowledgement of risks and agreement not to sue and am voluntarily signing below, intending to be legally bound thereby."

Mazza also signed a release form from the Eagles which provides, in relevant part:

"(1) The Eagle member and guest agrees and understands that snow tubing is an inherently dangerous sport. Trail conditions vary constantly because of weather conditions and snow tubing and other obstacles and hazards may exist throughout the area. The member voluntarily assumes the risk of injury while participating in the sport. In consideration of using Shawnee Mountain snow tubing facilities the user agrees to accept the risks and agrees not to sue F.O.E. no. 1106 or Ski Shawnee Inc. or its employees or agents if hurt while using the facility regardless of any negligence of F.O.E. no. 1106 or Ski Shawnee Inc. or its employees or agents. . . . The user voluntarily assumes the risk of injury while participating in the sport. . . .

"(3) I have read and understand the foregoing regulations and release agreement and am voluntarily signing below intending to be legally bound thereby."

The standard of review for a valid release agreement is set forth in *Zimmer v. Mitchell and Ness,* 253 Pa. Super. 474, 385 A.2d 437 (1978), *affirmed,* 490 Pa. 428, 416 A.2d 1010 (1980) (citation omitted); see also, *Kotovsky v. Ski Liberty Operating Corp.,* 412 Pa. Super. 442, 447, 603 A.2d 663, 665 (1992). The Superior Court in *Zimmer* set forth the following four-part test to determine the validity of exculpatory clauses:

(1) The contract must not violate any policy of the law;

(2) The contract must be between individuals and relate to their private affairs;

(3) Each party must be a free bargaining agent rather than one drawn into a contract of adhesion;

(4) The agreement must express the intent of the parties with the utmost particularity. 253 Pa. Super. at 478, 385 A.2d at 439.

As a general rule, exculpatory disclaimers between private parties are enforceable in Pennsylvania and are not viewed as violating public policy. *Missar v. Camelback Ski Resort,* 30 D.&C.3d 579, 581 (Monroe Cty. 1984). An exculpatory clause is defined as "a contractual provision relieving a party from any liability resulting from a negligent or wrongful act." Black's Law Dictionary, 240 (Pocket ed. 1996).

In similar cases, our court has upheld that the release language on the back of the ticket constitutes a valid waiver of liability. See generally, *Venn v. Shawnee Mountain Ski Area,* 5109 Civil 2002 (Monroe Cty. 2004) (Vican, P.J.); *King v. Resorts USA Inc. d/b/a Rank Anhert,* 8937 Civil 2001 (Monroe Cty. 2003) (O'Brien, J.); *Catanna v. Camelback Ski Corp,* 1340 Civil 1992 (Monroe Cty. 2001) (O'Brien, J.); *Lee v. Camelback Ski Corp. a/k/a Camelback Ski Area,* 8324 Civil 2001 (Monroe Cty. 2002) (Miller, J.); and *Nisbett v. Camelback Ski Corp.,* 2226 Civil 1992 (Monroe Cty. 1996) (Miller, J.). We have held that if an exculpatory agreement meets the four-prong test set forth in *Zimmer,* then the agreement is valid and enforceable.

In the instant case, we believe that the release does not violate any public policy. First, it is between private parties and relates to their private affairs. Second, we

find that it is not a contract of adhesion, the language on the release is clear that if the person is not willing to acknowledge the risks and agree not to sue, he/she should not go snow tubing. (Release ¶5.) Mazza was not required to enter into the contract, but she did so voluntarily in order to snow tube at the facility. The language contained on the release is conspicuous and expresses the intent of the parties with the requisite particularity. Furthermore, Mazza's decision to go snow tubing was an activity which is not essential to plaintiff's personal or economic well-being but was purely a recreational activity. See *Kotovsky, supra* at 447, 603 A.2d at 665. An activity is purely recreational if it is not essential to one's personal or economic well-being. *Kotovsky, supra* at 447, 603 A.2d at 665. (citation omitted)

Plaintiffs argue that we must deny defendant's motion because the language contained in the release did not specifically exculpate itself from liability relating to the design of the facility and the lift mechanism. We do not agree. The release specifically set forth that there are many inherent dangers involved in snow tubing. The release specifically identifies the use of the snow tubing lift or tow. Further, Mazza signed the release which specifically sets forth that, even if it is contended that any such injury as caused by the negligence or other improper conduct on the part of Ski Shawnee Inc., she agrees to release and not sue defendant. Moreover, we are not bound by the holding in *Martin v. Montage Mountain,* 46 D.&C.4th 225 (Lackawanna Cty. 2000), the case cited by plaintiffs. The *Martin* case involved a

plaintiff who signed a release which was specific that he would not sue for damages related to the use of a snow tube or lift. *Id.* at 230. Instantly, we believe that the release was clear that Mazza would not sue for any injuries resulting while using any of the snow tubing facilities or from any injuries sustained while present at the facilities.

For these reasons, we find that judgment on the pleadings may be entered due to the lack of disputed issues of fact and defendant is entitled to judgment as a matter of law. Accordingly, we entered judgment on the pleadings in favor of defendant.

## ORDER

And now, June 29, 2005, upon consideration of defendant's motion for judgment on the pleadings and any response thereto, it is hereby ordered and decreed that defendant Ski Shawnee Inc.'s motion for judgment on the pleadings is hereby granted and judgment is entered in favor of defendant, Ski Shawnee Inc., and against plaintiffs, Jean Mazza and Mark Mazza.