621 A.2d 1139

Robert KRUMBINE, Harold J. Tice and Robert
E. Henning, Trustees of the South Lebanon
Rod and Gun Club, Appellants,

v.

LEBANON COUNTY TAX CLAIM BUREAU, W.
Lowell Eckenroth and Larry K. Karpenko.

Commonwealth Court of Pennsylvania.

Argued Dec. 14, 1992.

Decided Feb. 11, 1993.

George E. Christianson, for appellants.

Rosamond A. Presby for appellee.

Before SMITH and KELLEY, JJ., and SILVESTRI, Senior Judge.

SMITH, Judge.

Robert Krumbine, Harold J. Tice, and Robert E. Henning (collectively Appellants) appeal from the order of the Court of Common Pleas of Lebanon County dated April 6, 1992 dis-

missing Appellants' motion to set aside tax sale and affirming the tax sale conducted by the Lebanon County Tax Claim Bureau (Bureau). Issues raised for review are whether the trial court erred in holding that the Bureau complied with the publication and posting requirements of Section 602 of the Real Estate Tax Sale Law (Law), Act of July 7, 1947, P.L. 1368, *as amended*, 72 P.S. § 5860.602; and whether the trial court erred in its determination that the Bureau properly gave certified mail notice to the owners.

On October 3, 1961, a parcel of land located in Lebanon County was deeded to Appellants as trustees for the South Lebanon Rod and Gun Club, an unincorporated association, and the deed was subsequently recorded. In September 1991, the Bureau sold the subject property for collection of delinquent taxes for the tax year 1989 to W. Lowell Eckenroth and Larry K. Karpenko. Appellants filed a timely motion to set aside the tax sale, alleging improper notice of the sale. On February 7, 1992, the trial court received testimony regarding the sufficiency of the Bureau's notice by publication, posting, and certified mail. It was undisputed that the only party to whom the Bureau sent certified mail notice was Appellant Tice and that no certified mail notices were sent to either Krumbine or Henning. The trial court found that the Bureau complied with the notice requirements set forth in Section 602 of the Law, and upheld the sale.

In tax sale cases, this Court's scope of review is limited to determining whether the trial court abused its discretion, rendered a decision with lack of supporting evidence, or clearly erred as a matter of law. *Chester County Tax Claim Bureau v. Griffith,* 113 Pa. Commonwealth Ct. 105, 536 A.2d 503 (1988). Section 602 of the Law sets forth three types of notice which are required for a valid tax sale: publication, posting, and certified mail notice to each owner as defined by the Law. The notice provisions of the Law are to be strictly construed so as to ensure against deprivation of property without due process of law. *Dauphin County Tax Claim Bureau Appeal,* 78 Pa. Commonwealth Ct. 49, 466 A.2d 1112 (1983). All three types of notice are required for a valid

tax sale and if any is defective, the sale is void. *Trussell Appeal*, 102 Pa. Commonwealth Ct. 32, 517 A.2d 221 (1986). The local tax bureau has the burden of proving that it complied with all statutory notice provisions and is required to use ordinary common sense business practices in ascertaining the proper addresses to which required notices must be sent. *Rossi v. Indiana County Tax Claim Bureau*, 90 Pa. Commonwealth Ct. 255, 494 A.2d 526 (1985). The inquiry is to be focused not on the neglect of the owner, but on whether the activities of the tax bureau complied with the statutory requirement. *Griffith.*

■ Appellants argue that the trial court erred in holding that certified mail notice sent to only one of the three trustees, Appellant Tice, was sufficient to comply with the Law. The trial court reasoned that neither Appellants as trustees nor members of the Rod and Gun Club were "owners" for purposes of the Law, and thus did not require individual notice. Section 102 of the Law, 72 P.S. § 5860.102, defines "owner" as:

> the person in whose name the property is last registered, if registered according to law, or, if not registered according to law, the person whose name last appears as an owner of record on any deed or instrument of conveyance recorded in the county office designated for recording and in all other cases means any person in open, peaceable and notorious possession of the property, as apparent owner or owners thereof, or the reputed owner or owners thereof, in the neighborhood of such property; as to property having been turned over to the bureau under Article VII by any county, 'owner' shall mean the county.

Thus, the pivotal issue is whether Appellants are owners as defined by the Law.

The trial court stated that "[t]hrough a legal fiction the owner of the property in question is *not* the three trustees nor members of the Gun Club. The owner is South Lebanon Rod and Gun Club as an unincorporated association. Consequently, notice must be given in accordance with Pa.R.C.P. No. 2153." Trial Court Opinion, p. 2. Such a statement is in error

in at least two respects. First, Rule 2153(a) provides that in an action prosecuted against an association it shall be sufficient to name as defendant either the association by name or any officer of the association as trustee ad litem. Pa.R.C.P. No. 2151 defines "action" as "any civil action or proceeding at law or in equity brought in or appealed to any court which is subject to these rules." Since the tax sale does not fall within the definition of "action," Rule 2153(a) is inapplicable to the matter sub judice.

Second, the trial court misapprehends the status of unincorporated associations, which are not recognized as entities at law and have no existence apart from that of their individual members. *Plasterer v. Paine*, 375 Pa.Superior Ct. 407, 544 A.2d 985 (1988). The general rule is that unincorporated associations have no such legal existence as will permit them to acquire and hold property in the association's name either by purchase or by gift: property ostensibly held by an unincorporated association is deemed to belong to the members jointly or as tenants in common. 6 Am.Jur.2d *Associations & Clubs* § 13 (1963). Thus, the South Lebanon Rod and Gun Club could not be considered an owner either as that term is defined by the Law, or under general property law principles.

Furthermore, the trial court's and the Board's reliance upon *Fuhrman v. Doll*, 305 Pa.Superior Ct. 277, 451 A.2d 530 (1982), is misplaced. In that case, a group of men bought a hunting camp and took title in the names of some of their members as trustees for a hunting club. Subsequently, one of the trustees was given a notice of termination from the club and then sought partition of the real estate. The Superior Court held that the taking of title in the names of individuals as trustees for the club, together with the specific provisions of the club's constitution and by-laws presented in the case, made it apparent that the trustees held the property for the benefit of the present and future membership of the club and that this was not meant to convey to each trustee all of the rights and incidents of a tenancy in common or a joint tenancy. *Fuhrman* is thus inapplicable to tax sale cases and provides no guidance as to who an "owner" is for purposes of

the Law, yet it does reiterate the principle that an unincorporated association cannot hold title to real estate in the name of the association.

▇ The guiding principles of notice to owners as required by the Law were enunciated by the Pennsylvania Supreme Court in *Tracy v. County of Chester, Tax Claim Bureau*, 507 Pa. 288, 489 A.2d 1334 (1985), which states that at a minimum, an owner of land must be actually notified by government if reasonably possible before his or her land is forfeited by the state. "Somehow, over the years, taxing authorities have lost sight of the fact that it is a momentous event under the United States and the Pennsylvania Constitutions when a government subjects a citizen's property to forfeiture for the non-payment of taxes." *Id.* at 297, 489 A.2d at 1339. Furthermore, the statutory requirement of notice to *each* owner must thus be construed to mean that every owner will be considered and treated as distinct from the others. *Teslovich v. Johnson*, 486 Pa. 622, 406 A.2d 1374 (1979).

The Bureau asserts that notice to Appellant Tice was sufficient because a certification attached to the deed noted "the precise residence of the grantee is c/o Harold Tice, R.D. # 2, Lebanon, Penna.," and therefore Tice is the registered agent of the Club for tax sale purposes. However, since the Club as an unincorporated association cannot be the owner of the property, notice sent to a "registered agent" of the association is insufficient. Moreover, the deed itself lists all three Appellants, who were long-time members of the community and whose names and addresses appeared in the local telephone book.

> The Bureau nevertheless states in its brief to this Court: With the large number of properties placed on the Tax Sale list each year ... it is not possible for the Bureau to examine the deed to each property and check it against the Assessment Office's records. The Bureau must be permitted to rely on the address information given by the association.

Appellee's Brief, p. 6. Such a statement is wholly at odds with the constitutional concerns expressed in *Tracy* and *Rossi* and

echoes the holding in *Grace Building Co. v. Clouser*, 5 Pa.Commonwealth Ct. 110, 289 A.2d 525 (1972), which the Pennsylvania Supreme Court soundly rejected in *Tracy*. At the very least, it is the responsibility of the Bureau to attempt to locate the property owners where their names appear on the deed. *See Schreiber v. Tax Claim Bureau of the County of Butler*, 117 Pa.Commonwealth Ct. 588, 545 A.2d 950 (1988), *appeal denied*, 520 Pa. 622, 554 A.2d 513 (1989) (checking a mortgage agreement to locate non-resident property owners would not have placed an unreasonable burden on the tax claim bureau). Therefore, this Court concludes that Section 102 of the Law contemplates inclusion of all Appellants as owners of the property for tax sale purposes and that due process requires notice to each of the trustees listed on the deed.[1] Accordingly, the trial court's order is reversed and the tax sale is set aside.

## ORDER

AND NOW, this 11th day of February 1993, the order of the Court of Common Pleas of Lebanon County dated April 6, 1992 is reversed.

---

1. Since the Bureau's certified mail notice was defective, thus voiding the tax sale, *Trussell*, Appellants' remaining issues need not be addressed.