In re SALE OF PROPERTY OF Samuel J. DALESSIO, Jr. and Rosalie D. Dalessio by Armstrong County Tax Claim Bureau for Unpaid Taxes.

**Samuel J. Dalessio, Jr., Appellant.**

Commonwealth Court of Pennsylvania.

Submitted March 16, 1995.
Decided April 24, 1995.

Scott Alan Westcott, for appellant.

James H. Owen, for appellee.

Before PELLEGRINI and NEWMAN, JJ., and SILVESTRI, Senior Judge.

SILVESTRI, Senior Judge.

Samuel J. Dalessio, Jr. (Samuel) appeals from an order of the Court of Common Pleas of Armstrong County (trial court) that dismissed his exceptions to the tax sale of his and his former wife's oil and gas estate in 294.39 acres situated in Cowanshannock Township, Armstrong County.

Samuel and Rosalie D. Dalessio (Rosalie) were the owners of the aforementioned oil and gas estate as tenants by the entireties. On January 28, 1993, by decree

of the Court of Common Pleas of Indiana County, Samuel and Rosalie were divorced. As a result thereof, Samuel and Rosalie became tenants in common, each owning an undivided one-half interest [1] in the oil and gas estate. Taxes on the oil and gas estate became delinquent and the Armstrong County Tax Claim Bureau (Bureau) scheduled a tax sale of the same to be conducted on September 13, 1993. The scheduled tax sale was subsequently adjourned and continued to November 1, 1993 at which time the oil and gas estate was sold.[2]

■ Samuel filed exceptions to the tax sale; however, Rosalie did not file exceptions to the same.[3] By order dated June 6, 1994, the trial court dismissed Samuel's exceptions.[4] Samuel thereafter filed this appeal.[5]

Samuel does not contend that the Bureau failed to provide to him the statutorily required notice of the tax sale scheduled for September 13, 1993.[6] Instead, Samuel asserts that the sale was invalid for two reasons: 1) the notice of the tax sale scheduled for September 13, 1993 fails as to him due to the fact that Rosalie allegedly never received notice of the same, and 2) he allegedly failed to receive notice that the tax sale scheduled for September 13, 1993 was adjourned and continued to November 1, 1993.

In his brief to this Court, Samuel contends that it is immaterial whether or not he had notice of the tax sale scheduled for September 13, 1993. Samuel maintains that where, as here, there are multiple owners of an estate, any owner with an interest in the estate may bring an action to set aside a tax sale if all three notice requirements were not met as to any of the owners. However, Samuel has not cited any authority which supports his position. Even assuming that Samuel may maintain such an action,[7] in

1. A tenancy in common is an estate in which there is a unity of possession but separate and distinct titles. While an estate by the entirety consists of the five unities of time, title, interest, possession and marriage, a tenancy in common need only contain the unity of possession. A tenant in common may, without the consent of his cotenant, sell, convey, or dispose of his undivided interest in the property, but in so doing he must not interfere with the rights of his cotenant. Furthermore, a tenant in common may maintain an action at law to recover monetary damages for injuries done to his interest in the property. *See Werner v. Quality Service Oil Co., Inc.*, 337 Pa.Superior Ct. 264, 486 A.2d 1009 (1984).

2. The oil and gas estate was purchased at the tax sale by Trio Petroleum Corporation (TPC); however, our review of the docket entries herein, both at the trial and appellate levels, fails to reveal that TPC ever intervened in this matter.

3. The original set of exceptions filed by Samuel indicated that Rosalie also joined in the filing of the same; however, only Samuel signed the verification. At the time the exceptions and objections were drafted, counsel for Samuel had been authorized to prepare and file the same on Rosalie's behalf; however, prior to the actual filing of the exceptions, such authorization was revoked by Rosalie. (R.R. 25a.) Additionally, there is no question that the amended exceptions filed by Samuel were done so solely on his behalf. (R.R. 37a.)

4. In so doing, the trial court made, in pertinent part, the following conclusions of law:
1. Objector received all statutorily required notice in connection with the tax sale.
2. Objector has no standing to object to the failure of the Armstrong County Tax Claim Bureau to give the statutorily required notice to Rosalie D. Dalessio.
3. All statutory notice requirements concerning the continued tax sale were complied with by the Armstrong County Tax Claim Bureau. (R.R. 92a.)

5. Our scope of review is limited to determining whether the trial court abused its discretion, rendered a decision with lack of supporting evidence, or clearly erred as a matter of law. *Chester County Tax Claim Bureau v. Griffith*, 113 Pa.Commonwealth Ct. 105, 536 A.2d 503 (1988).

6. Section 602 of the Real Estate Tax Sale Law (Law), Act of July 7, 1947, P.L. 1368, *as amended*, 72 P.S. § 5860.602, requires the bureau to provide all of the following: 1) notice by publication at least thirty (30) days prior to the sale; 2) notice by certified mail to each owner at least thirty (30) days prior to the sale; and 3) notice by posting the property at least ten (10) days prior to the sale. *See also Krumbine v. Lebanon County Tax Claim Bureau*, 153 Pa.Commonwealth Ct. 457, 621 A.2d 1139, *petition for allowance of appeal granted*, 535 Pa. 650, 633 A.2d 154 (1993) (if any of the three types of notice are defective, the sale is void).

7. In *Appeal of Marshalek*, 116 Pa.Commonwealth Ct. 1, 541 A.2d 398 (1988), *petition for allowance of appeal denied*, 521 Pa. 632, 558 A.2d 533 (1989), this Court held that notice of a tax sale was required to be given to all tenants in common of the property, and that failure to do so invalidated the sale of the undivided one-fifth

order for him to be successful in this regard, notice would have had to have been deficient as to Rosalie which it was not.[8]

Section 602 of the Law provides, in relevant part, as follows:

(e) In addition to such publications, similar notice of the sale shall also be given by the bureau as follows:

(1) At least thirty (30) days before the date of the sale, by United States *certified mail,* restricted delivery, return receipt requested, postage prepaid, *to each owner* as defined by this act.

(2) *If return receipt is not received from each owner pursuant to the provisions of clause (1),* then, at least ten (10) days before the date of the sale, *similar notice of the sale shall be given to each owner* who failed to acknowledge the first notice *by United States first class mail,* proof of mailing, *at his last known post office address* by virtue of the knowledge and information possessed by the bureau, by the tax collector for the taxing district making the return and by the county office responsible for assessments and revisions of taxes. *It shall be the duty of the bureau to determine the last post office address* known to said collector and county assessment office. (Emphasis added.)

72 P.S. § 5860.602(e)(1) and (2). On August 6, 1993, the Bureau, by means of certified mail, attempted to notify Rosalie of the sale at her last known post office address, P.O. Box 85, Plumville, Pa. 16246. However, the same was returned unsigned to the Bureau on August 7, 1993.[9] The Bureau thereafter engaged in an additional search which disclosed only one other different address for Rosalie that being RD2, Dayton, Pennsylvania, 16222. On October 11, 1993, the Bureau then sent, by first class mail, proof of mailing, a second notice of sale to Rosalie at the Dayton address.

Samuel asserts that the Bureau's attempts to notify Rosalie were deficient because she had not maintained a residence at either of the two addresses to which the notices were sent but rather has resided at 1118 Seventh Avenue, Ford City, Pennsylvania, 16226 since 1988. Section 607a of the Law governs additional notification efforts and provides, in pertinent part, as follows:

(a) When any notification of a pending tax sale or a tax sale subject to court confirmation is required to be mailed to any owner, mortgagee, lienholder or other person or entity *whose property interests are likely to be significantly affected by such tax sale,* and such mailed notification is either returned without the required receipted personal signature of the addressee or under other circumstances raising a significant doubt as to the actual receipt of such notification by the named addressee or is not returned or acknowledged at all, then, before the tax sale can be conducted or confirmed, *the bureau must exercise reasonable efforts to discover the whereabouts of such person or entity and notify him. The bureau's efforts shall include, but not necessarily be restricted to,* a search of current telephone directories for the county and of the dockets and indices of the county tax assessment offices, recorder of deeds office and prothonotary's office, as well as contacts made to any apparent alternate address or telephone number which may have been written on or in the file pertinent to such property. *When such reasonable efforts have been exhausted,* regardless of whether or not the notification efforts have been successful, *a notation shall be placed in the property file describing the efforts made and the results thereof,* and the property may be rescheduled for sale or the sale may be confirmed as provided in this act. (Emphasis added.)

72 P.S. § 5860.607a. Samuel contends that the Bureau did not exercise reasonable ef-

---

interest of one of the tenants in common, despite the fact that none of the other cotenants' interests was being sold and none of the other cotenants objected.

8. Samuel does not contend that the required notices by publication and posting were deficient as to Rosalie. *See* Section 602 of the Law, *as amended,* 72 P.S. § 5860.602(a) and (e)(3).

9. The certified mail, which was returned to the Bureau by the post office, was marked as follows, "FWD. ORD. EXP." (R.R. 39a.)

forts to discover Rosalie's whereabouts. Our review of the record reveals that the Bureau, in its attempts to locate Rosalie, made a search of the following: 1) telephone directories; 2) county-wide occupation records; 3) county-wide real estate assessment records; 4) tax collectors' records; 5) voter's registration records; and 6) register and recorder's office records. While Samuel contends that the Bureau should have made various other inquiries in order as ascertain a more current address for Rosalie, we can not conclude that the Bureau did not exercise reasonable efforts in its attempts to notify Rosalie. Accordingly, Samuel's first argument is without merit.

■ Samuel's second contention that the tax sale was invalid because he did not receive notice that the tax sale scheduled for September 13, 1993 had been adjourned and continued to November 1, 1993 is also erroneous. Section 601 of the Law governs the date of the sale and provides, in pertinent part, as follows:

(a) The bureau shall schedule the date of the sale no earlier than the second Monday of September and before October 1, and *the sale may be adjourned, readjourned or continued. No additional notice of sale is*

*required when the sale is adjourned, readjourned or continued if the sale is held before the end of the calendar year.* . . . (Emphasis added.)

72 P.S. § 5860.601(a). Since the tax sale occurred on November 1, 1993, before the end of the calendar year, the Bureau was not required to give additional notice of the adjournment of the tax sale scheduled for September 13, 1993.[10]

Accordingly, having determined that the Bureau provided the statutorily required notice of the tax sale, the decision of the trial court dismissing his exceptions and objections to the same will be affirmed.

### ORDER

AND NOW, this 24th day of April, 1995, the order of the Court of Common Pleas of Armstrong County, dated June 6, 1994, is affirmed.

---

10. *Although not required to do so, the Bureau did both publish and post notice as to the No-* vember 1, 1993 sale date.