Patrice A. McELVENNY, individually and as Administratrix of the Estate of John F. McElvenny, Deceased, Executor of the Estate of Frank Block, Deceased, Appellant,

v.

BUCKS COUNTY TAX CLAIM BUREAU and Robert Milner.

Commonwealth Court of Pennsylvania.

Argued June 12, 2002.

Decided Aug. 6, 2002.

Leslie J. Carson, Philadelphia, for Appellant.

Robert L. White, Langhorne, for Appellee.

Stanton C. Kelton, III, Bensalem, for Intervenor, R. Milner.

Before COLINS, President Judge, SMITH–RIBNER, Judge, PELLEGRINI, Judge, FRIEDMAN, Judge, LEADBETTER, Judge, COHN, Judge and LEAVITT, Judge.

OPINION BY Judge COHN.

Appellant Patrice McElvenny (McElvenny) appeals from an order of the Court of

Common Pleas of Bucks County that denied her petition to set aside and declare void a tax sale. We reverse.

In 1946 Frank and Rose Bloch purchased the property at issue, consisting of two acres of mostly unimproved land located on Swamp Road, Rushland, Wrightown Township, Bucks County. The Blochs held that property as tenants by the entireties. Mrs. Bloch died in 1985 and Mr. Bloch died in 1986 leaving a will that was probated in Philadelphia County and granted the property at issue to Mr. Bloch's nephews, John F. McElvenny and Bernard McElvenny. John McElvenny also served as the executor of Mr. Bloch's will and as the attorney for the estate. On February 27, 1997, John McElvenny died intestate.[1] Prior to his death, John McElvenny never filed with the Bucks County Recorder of Deeds any deed to transfer title of the property at issue to himself or to Bernard McElvenny. In 1998 Bernard McElvenny died in Florida.

Following John McElvenny's death, the 1997 and 1998 property taxes became delinquent. In April of 1998, the Bucks County Tax Claim Bureau (Bureau) mailed a notice and claim addressed to "Bloch, Estate of Frank J., c/o John, 1011 Robinson Building, Philadelphia, PA 19102." That notice was returned by the U.S. Postal Service indicating that the addressee was unknown. On November 22, 1998, the Bureau posted a notice for the delinquent taxes on the property. In May of 1999 the Bureau sent, to the same mailing address referenced above, a second notice and claim for the outstanding taxes for the 1998 tax year. The second notice was also returned by the Postal Service as unclaimed. In July of 1998, the Bureau mailed a notice of public tax sale, for the 1997 tax year, to "Bloch Estate of Frank

J., c/o Emily, 1150 Robinson Building, 42 South 15th Street, Philadelphia, PA 19102." That notice was also returned by the Postal Service and marked undelivered. It is undisputed that McElvenny did not receive any of the above-referenced notices.

In August of 1999, the Bureau published notice of the tax sale in three local newspapers. On August 25, 1999, Deputy Sheriff Oliver Groman posted a notice of the tax sale on a small vacant structure on the property at issue. On September 15, 1999, the Bureau filed a petition in the trial court stating that the owner-occupants were not personally served and requesting that the trial court enter an order permitting the sale to take place without personal service. Subsequently, the Bureau's petition was granted and the sale was ultimately scheduled for November 15, 1999. On that date, the Bureau sold the property at issue to Appellee Robert Milner (Milner) in satisfaction of delinquent taxes for the years 1997 and 1998. Milner, subsequently, posted a notice on the property declaring the completion of the sale and expressing his desire to locate and communicate with the prior owner.

After her discovery of the tax sale, McElvenny, as spouse and administratrix of the Estate of John McElvenny, filed the petition at issue. McElvenny contended that the Bureau did not comply with the notice provisions of the Real Estate Tax Sale Law, Act of July 7, 1947, P.L. 1368, *as amended,* 72 P.S. §§ 5860.101 5860.803(Law).

Following a non-jury trial below, and the subsequent submission of briefs by the parties, the trial court held that McElvenny was not entitled to notice of the sale as an owner under the Law, and that the

---

1. Appellant Patrice A. McElvenny is John McElvenny's surviving spouse and brought

the petition at issue as an individual and as an administratrix of John McElvenny's estate.

Bureau had complied with the relevant notice provisions of the Law. The trial court denied McElvenny's petition and the instant appeal to this Court followed.

■ This Court's scope of review of an order denying a petition to set aside a tax sale of real property is limited to determining whether the trial court abused its discretion, rendered a decision with a lack of supporting evidence, or clearly erred as a matter of law. *Farro v. Tax Claim Bureau of Monroe County*, 704 A.2d 1137, 1139 n. 1 (Pa.Cmwlth.1997), *petition for allowance of appeal denied*, 555 Pa. 722, 724 A.2d 936 (1998).

In this appeal, McElvenny claims that the trial court erred in 1) refusing to allow testimony regarding McElvenny's possession and apparent ownership of the property, 2) holding that McElvenny was not the owner of the property, 3) finding that the Bureau's sale of the property was valid despite the Bureau's failure to reasonably attempt to discern the actual current owner prior to the sale, and 4) finding that the Bureau satisfied the advertising and posting requirements of the Law.

■ We begin our analysis by examining what the Law requires of the Bureau. Section 607.1 of the Law, 72 P.S. § 5860.607a,[2] pertinently states:

(a) When any notification of a pending tax sale or a tax sale subject to court confirmation is required to be mailed to any owner, mortgagee, lienholder or other person or entity whose property interests are likely to be significantly affected by such tax sale, and such mailed notification is either returned without the required receipted personal signature of the addressee or under other circumstances raising a significant doubt as to the actual receipt of such notification by the named addressee or is not

returned or acknowledged at all, then, before the tax sale can be conducted or confirmed, the bureau must exercise reasonable efforts to discover the whereabouts of such person or entity and notify him. The bureau's efforts **shall include, but not necessarily be restricted to,** a search of current telephone directories for the county and of the dockets and indices of the county tax assessment offices, recorder of deeds office and prothonotary's office, **as well as contacts made to any apparent alternate address or telephone number which may have been written on or in the file pertinent to such property.** When such reasonable efforts have been exhausted, regardless of whether or not the notification efforts have been successful, **a notation shall be placed in the property file describing the efforts made and the results thereof,** and the property may be rescheduled for sale or the sale may be confirmed as provided in this act.

(emphasis added). The Bureau bears the burden to show that it complied with statutory notice requirements under the Law. *Michener v. Montgomery County Tax Claim Bureau*, 671 A.2d 285 (Pa.Cmwlth. 1996). In discussing the importance of proper notice in matters involving tax sales of real property, our State Supreme Court has stated:

Somehow, over the years, taxing authorities have lost sight of the fact that it is a momentous event under the United States and the Pennsylvania Constitutions when a government subjects a citizen's property to forfeiture for the nonpayment of taxes. We have had occasion before to note that we hold no brief with wilful, persistent and long standing tax delinquents, but at the same time,

**2.** This Section was added by Section 30 of the Act of July 3, 1986, P.L. 351.

we have also observed that the "strict provisions of the Real Estate Tax Sale Law were never meant to punish taxpayers who omitted through oversight or error ... to pay their taxes." *Ross Appeal, 366 Pa. 100, 107, 76 A.2d 749, 753 (1950).* As this Court stated in *Hess v. Westerwick,* "the purpose of tax sales is not to strip the taxpayer of his property but to insure the collection of taxes." 366 Pa. 90, 98, 76 A.2d 745, 748 (1950). The collection of taxes, however, may not be implemented without due process of law that is guaranteed in the Commonwealth and federal constitutions; and this due process, as we have stated here, requires at a minimum that an owner of land be actually notified by government, if reasonably possible, before his land is forfeited by the state. *Tracy v. County of Chester Tax Claim Bureau,* 507 Pa. 288, 297, 489 A.2d 1334, 1339 (1985).[3]

Comparison of two cases is helpful here to illustrate what constitutes reasonable efforts in accordance with Section 607.1 of the Law. In *Sale of Property of Dalessio,* 657 A.2d 1386 (Pa.Cmwlth.1995), we held that the Bureau exercised reasonable efforts to notify a tenant in common of a tax sale when it searched telephone directories, county-wide occupation records, county-wide real estate assessment records, tax collection records, voter registration records, and register and recorder's office records. In contrast, in *Tax Claim Bureau of Beaver County Tax Sale September 10, 1990,* 143 Pa.Cmwlth. 659, 600 A.2d 650 (1991), we held that the Bureau did not make reasonable efforts, although it posted the property, advertised the sale, sent proper notice to the owner's last known address, contacted the local tax collector, and checked records in the recorder, prothonotary and county assessment offices, because it failed to check domestic relations records and because *its own files* contained both the owner's correct address as well as the name of the owner's divorce attorney.

■ There is no allegation that the Bureau made the efforts it was obligated to make pursuant to section 607.1(a) of the Law, nor did it make any notations in its files, as is also required. In this case, the Bureau received a tax payment in December 1996, and the cover letter and check bore John McElvenny's then address. However, the Bureau continued from April of 1998 to May of 1999 to send its notices to an older address, an address where John McElvenny had not been since 1994. In short, it did not alter its address records or attempt to send any notices to the address that appeared in the last payment received. We have held that where the tax collector fails to record an address change or notify the taxing bureau of it, the tax sale must be invalidated. *Sabarese v. Tax Claim Bureau of Monroe County,* 69 Pa.Cmwlth. 442, 451 A.2d 793 (1982); *accord Merchants National Bank of Allentown v. Chevy Chase Investment Co. Inc.,* 40 Pa.Cmwlth. 159, 397 A.2d 836 (1979). Further, in *Sabarese* we also rejected the taxing bureau's argument that even if it had sent notice addressed "personal addressee only," as statutorily required, notices would not have been received and, thus, any error was harmless, observing that the notice provisions in the Law must be strictly complied with in order to guard

---

3. We note that these notice requirements are statutory and therefore, Milner's argument regarding a lack of clean hands, is unpersuasive. *See Krumbine v. Lebanon County Tax Claim Bureau,* 153 Pa.Cmwlth. 457, 621 A.2d 1139 (1993), *affirmed,* 541 Pa. 384, 663 A.2d 158 (1995) (where notice is in issue, focus is not on neglect of owner, but on whether tax bureau complied with statutory requirement).

against the deprivation of property without due process of law.

■ In this case, the Bureau does not even attempt to suggest that it complied with the notice requirements; instead, it merely argues its own speculative conclusion that compliance would not have made any difference. Such a defense is legally insufficient. *Sabarese.*

Because, in the case *sub judice,* the Bureau did not comply with the mandatory requirements set forth in Section 607.1(a) in that it did not make the required efforts and did not notate its files, the sale was not valid. Therefore, the question of whether McElvenny was the "owner" as defined in Section 102 of the Law, 72 P.S. § 5860.102,[4] need not be reached, although it is certainly clear that she had at least an equitable interest in the property as the beneficiary of her late husband, John.

In summary, since it is clear that the Bureau did not comply with Section 607.1 of the Law, the tax sale must be set aside.[5] *See, e.g., Tracy; Rossi v. Indiana County Tax Claim Bureau,* 90 Pa.Cmwlth. 255, 494 A.2d 526 (1985). Therefore, the order of the trial court is reversed.

Judge PELLEGRINI concurs in the result only.

### ORDER

**NOW,** August 6, 2002, the order of the Court of Common Pleas of Bucks County in the above-captioned matter is hereby reversed.

### DISSENTING OPINION BY Judge LEADBETTER.

The statutory provision relied upon by the majority mandates that reasonable efforts, including several specific inquiries, be made to locate the record owner of real estate, not to determine the identity and whereabouts of beneficial owners. It is my understanding that by the time of the tax sale the record owner had died and his estate was no longer active.[1] I would not enforce the statute in such a hyper-technical way as to invalidate the sale because of the Bureau's incomplete efforts to locate entities which had no viable existence.

Accordingly, I respectfully dissent.

---

4. Section 102 of the Law defines "owner" as:

the person in whose name the property is last registered, if registered according to law, or, if not registered according to law, the person whose name last appears as an owner of record on any deed or instrument of conveyance recorded in the county office designated for recording and in all other cases means any person in open, peaceable and notorious possession of the property, as apparent owner or owners thereof, or the reputed owner or owners thereof, in the neighborhood of such property . . .

5. Because of our disposition of this matter, we need not decide whether the subject sale was properly advertised and whether the property was properly posted. *Krumbine,* 621 A.2d at 1142 n. 1.

1. It is not clear whether the estate had been formally closed, but the executor had died and no one succeeded him.