IN THE COMMONWEALTH COURT OF PENNSYLVANIA

City of Philadelphia          :
          :
          v.          : No. 266 C.D. 2017
          : Argued: October 17, 2017
Troy Burrell and Abdul          :
Mused 12345, LLC          :
          :
Appeal of: Troy Burrell          :


BEFORE:   HONORABLE P. KEVIN BROBSON, Judge
                HONORABLE MICHAEL H. WOJCIK, Judge
                HONORABLE DAN PELLEGRINI, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE WOJCIK                FILED: November 13, 2017

Troy Burrell (Appellant) appeals from the February 10, 2017 order of the Court of Common Pleas of Philadelphia County (trial court) denying his petition to set aside a sheriff's sale of property (Petition) as untimely. We affirm.

Appellant acquired the property at 5736 N. Beechwood Street, Philadelphia, PA (Property) in July 2013. The Real Estate Tax Certification appended to the deed incorrectly lists Appellant's address as 14**21** S. 20th Street, Philadelphia, PA. Appellant does not own that property or live at that address; he resides at 14**31** S. 20th Street, Philadelphia, PA.

On April 8, 2014, the City filed a petition for a rule to show cause why the Property should not be sold free and clear of all liens and encumbrances pursuant to Section 31.2 of the act commonly referred to as the Municipal Claims

and Tax Lien Act (Tax Claims Act).[1]  The petition relates to real estate taxes assessed by the City for the years 2001 through 2013.  A tax information certificate attached to the petition set forth the outstanding delinquent real estate taxes and related interest, penalties, fees and costs, as well as the owners and lienholders of the Property whose interests were recorded in the City's deed records.  Section 39.1 of the Tax Claims Act, 53 P.S. §7193.1.[2]  Appellant was identified as the record owner of the Property, with an address of 1421 S. 20th Street, Philadelphia, PA.  The City filed an affidavit of service reflecting that notice of the petition was mailed to Appellant on July 17, 2014, by first class mail and by certified mail, return receipt

---

[1] Act of May 16, 1923, P.L. 207, *as amended*, added by the Act of March 15, 1956, P.L. (1955) 1274, 53 P.S. §7283.

[2] Section 39.1 of the Tax Claims Act states:

> (a) Any owner of real property located within a city of the first class, any mortgagee thereof or any person having a lien or claim thereon or interest therein shall register a notice of interest with the department of the city of the first class responsible for collection of tax and municipal claims stating his name, residence and mailing address and a description of the real property in which the person has an interest. A notice of interest shall not be required for any mortgage or interest otherwise properly recorded in the Office of the Recorder of Deeds provided the document contains a current address sufficient to satisfy the notice requirements of this section. The interested party shall file an amended registration as needed.

> (b) After the completion and filing of a notice of interest, a city of the first class shall serve all petitions, rules and other notices required by this act on those interested parties at the registered address.

> (c) A city of the first class may promulgate regulations for the bulk registration of notices of interest.

53 P.S. §7193.1.  Section 39.1 was added by the Act of December 14, 1992, P.L. 850.

requested. By order dated October 10, 2014, the Property was ordered to be sold by the sheriff.

The record does not indicate whether Appellant received that notice or how he learned that taxes were delinquent. However, in February 2015, Appellant "proposed paying all outstanding taxes" or $17,225.87, within one year, and he made a payment of $12,000.00 on February 18, 2015. Petition, ¶¶11-12. On March 20, 2015, the City again filed affidavits of posting and service of the petition and rule by first class mail on March 10, 2015, to Appellant at 1421 S. 20th Street. Thereafter, Appellant made additional payments of delinquent taxes on April 22, 2015, and November 12, 2015, of $2,000.00 and $2,500.00. Petition, ¶¶14, 16. The sale of the Property was continued twice.

However, the Property was again exposed for sheriff's sale, and the City filed an affidavit of service stating that a copy of the decree and details of the sheriff's sale were served upon Appellant by first class mail, sent to 1421 S. 20th Street, on December 16, 2015.

The Property was sold at a sheriff's sale to Abdul Mused 12345, LLC, on January 19, 2016. The sheriff's deed was acknowledged on March 31, 2016. Appellant alleges that he first learned of the tax sale on January 22, 2016, when he attempted to make a final payment on his account.

On November 11, 2016, Appellant filed a Petition to set aside the tax sale. In the Petition, Appellant alleged that between January 22, 2016, and September 2016, he sought the help of "Philadelphia City Hall," the City's Department of Revenue, Councilman Kenyatta Johnson, and Christopher Sample, Johnson's chief of staff, before he finally was referred to his current counsel and discovered that the City had not properly applied payments he made to his account.

3

Petition ¶¶24-25. Abdul Mused 12345, LLC, was granted permission to intervene in the proceedings.

Following argument at a February 8, 2017 hearing, the trial court rejected Appellant's contention that the City failed to comply with the notice provisions of Section 39.2 of the Tax Claims Act, [3] 53 P.S. §7193.2, and dismissed the Petition as untimely under Section 39.3 of the Tax Claims Act.[4]

On appeal to this Court,[5] Appellant first argues that the trial court erred in determining that the City properly served him with notice of the tax sale. Specifically, Appellant argues that the statute requires that notice be mailed to his "registered address," Appellant's brief at 10, and he asserts that his registered address is in fact 1431 S. 20th Street.

Section 39.2(a)(2) of the Tax Claims Act provides that notice of a tax sale pursuant to Section 31.2 shall be served upon an owner by "mailing by first class mail to the address registered by any interested party pursuant to section 39.1

---

[3] Section 39.2 was added by the Act of December 14, 1992, P.L. 859.

[4] Section 39.3 of the Tax Claims Act states:

> All parties wishing to contest the validity of any sale conducted pursuant to section 31.2 of this act, including the sufficiency of any notice, and any party claiming to have an interest in the premises which was not discharged by the sale must file a petition seeking to overturn the sale or to establish the interest within three months of the acknowledgment of the deed to the premises by the sheriff.

53 P.S. §7193.3. Section 39.3 was added by the Act of December 14, 1992, P.L. 859.

[5] Our scope of review of an order denying a petition to set aside a tax sale of real property is limited to determining whether the trial court abused its discretion, rendered a decision unsupported by the evidence or erred as a matter of law. *McElvenny v. Bucks County Tax Claim Bureau,* 804 A.2d 719, 721 (Pa. Cmwlth. 2002).

of [the Tax Claims Act] a true and correct copy of the petition and rule[.]" 53 P.S. §7193.2(a)(2).[6] In arguing that the City did not comply with this requirement, Appellant ignores that specific statutory language. He also does not dispute that the City mailed notice to him at the address reflected on the City's records for this Property, which corresponds to the information submitted with the deed, i.e., the address he "registered . . . pursuant to Section 39.1." Section 39.2(a)(2) of the Tax Claims Act, 53 P.S. §7193.2(a)(2).

---

[6] In relevant part, Section 39.2(a) states:

> (a) In cities of the first class, notice of a rule to show cause why a property should not be sold free and clear of all encumbrances issued by a court pursuant to a petition filed by a claimant under section 31.2 of this act shall be served by the claimant upon owners, mortgagees, holders of ground rents, liens and charges or estates of whatsoever kind as follows:
>
> > (1) By posting a true and correct copy of the petition and rule on the most public part of the property;
> >
> > (2) *By mailing by first class mail to the address registered by any interested party pursuant to section 39.1 of this act a true and correct copy of the petition and rule*; and
> >
> > (3) By reviewing a title search, title insurance policy or tax information certificate that identifies interested parties of record who have not registered their addresses pursuant to section 39.1 of this act, the city shall mail by first class mail and either by certified mail, return receipt requested, or by registered mail to such addresses as appear on the respective records relating to the premises a true and correct copy of the petition and rule.
>
> Service of notice pursuant to this section shall be deemed accomplished on the date of mailing. The city shall file an affidavit of service with the court prior to seeking a decree ordering the sale of the premises.

53 P.S. §7193.2(a) (emphasis added).

5

Assuming that we agree with his first argument, Appellant further contends that because there was a lack of notice, the trial court was without authority to authorize the tax sale. However, the record supports the trial court's determination that the City did comply with the notice requirements of Section 39.2(a)(2) of the Tax Claims Act. Additionally, Appellant relies on a trial court opinion that was recently reversed on appeal by this Court. *City of Philadelphia v. Rivera*, ___ A.3d ___ (Pa. Cmwlth., No. 513 C.D. 2016, filed June 22, 2017).

In *Rivera*, the City mailed notice to 802 Judson Street, the address listed with the City's tax bureau, and the property was sold at a sheriff's sale. The property owners did not notify the City's tax bureau that notices for the property should be mailed to their home address of 816 Judson Street. The trial court recognized that the City complied with the statutory notice requirements, but granted the owners' motion to set aside the sheriff sale based on the court's conclusion that the owners did not have actual notice of the sale. On appeal, this Court reversed.

> This Court has expressly recognized that adherence to the [Tax Claims Act's] service provisions sufficiently protects a property owner's due process rights:
>
> > The purpose of sheriff's sales under the [Tax Claims Act], as well as tax sales under the Real Estate Tax Sale Law, Act of July 7, 1947, P.L. 1368, *as amended,* 72 P.S. §§5860.101-5860.803, is not to strip the owner of his or her property but to collect municipal claims. **Strict compliance with the service requirement protects the procedural due process rights of all interested parties to notice and an opportunity to be heard and also guards against deprivation of property without substantive due process of law.**
>
> *City of Phila. v. Manu*, 76 A.3d 601, 606 (Pa. Cmwlth. 2013) (emphasis added; citation omitted). Thus, the trial

6

> court in the instant case erred when, despite evidence of the City's compliance with the [Tax Claims Act's] service provisions, it granted the Renewed Motion based on its conclusion that Owners did not have actual notice of the sale.

*Rivera,*___ A.3d at ___, slip op. at 14-15 (emphasis in original). Similarly, in this case, the trial court properly concluded that where the City mailed notice to Appellant at the address reflected on the City's records for this Property, which corresponds to the information submitted with the deed, the City complied with the notice provision of Section 39.2(a)(2) of the Tax Claims Act.

Appellant also argues that the trial court erred in failing to consider his equitable arguments when it dismissed the Petition as untimely. Specifically, Appellant asserts that the trial court failed to consider that, by November 19, 2015, he had paid $16,500.00 toward a tax bill of $17,225.87, while the City's records erroneously reflected a balance owed of $5,115.49. He contends that the City violated Section 26(b)(1) of the Tax Claims Act, 53 P.S. §7146(b)(1), which requires the public official responsible for collecting delinquent property taxes to keep a list of properties for which taxes remain unpaid. It states: "If taxes on the list are paid or another settlement had been agreed to or if a tax sale of the property is held, this fact shall be noted on the list." *Id.* Appellant claims that if the payments had been properly recorded, the tax sale would not have occurred. Counsel for the City disagreed with Appellant's calculations, explaining that $1,694.92 was applied to interest, $305.05 was applied to expenses, and the current year's taxes were not paid. Notes of Testimony, February 8, 2017, (N.T.) at 6-8.

Appellant further asserts that the City induced him into agreeing to a payment plan and that he relied on this arrangement to his detriment. However, the record includes no evidence of inducement; Appellant alleged in his Petition that he

7

proposed the payment agreement, and he conceded that he still owed at least $725.00 in back taxes at that time.  N.T. at 4.

Appellant also complains that the trial court failed to inquire whether regular mail sent to the 1421 S. 20th street address or certified mailing receipts were returned to the City.  However, Appellant does not contend that the affidavits of service filed by the City were defective or otherwise insufficient to establish the City's compliance with Section 39.2(a) of the Tax Claims Act.

Notably, in *Pacella v. Washington County Tax Claim Bureau*, 10 A.3d 422, 429-30 (Pa. Cmwlth. 2010), we observed:

> When a tax sale is commenced under a particular Act of Assembly, the procedure therein prescribed must be followed and under that act alone must the validity and effect of the sale be tested.  Other legislation providing a different procedure or result cannot be used either to sustain such sale or secure additional rights or results.  The act under which the proceeding is had must show the authority and the effect of such sale.

*Id.* at 429-30 (quoting *Gordon v. Harrisburg,* 171 A. 277, 278 (Pa. 1934)).  Because the tax sale in this case was held pursuant to the Tax Claims Act, that statute alone determines the City's obligations to provide notice of the tax sale.  The record confirms that the City satisfied its statutory obligations in this case.

Appellant admittedly learned of the tax sale on January 22, 2016, well within the three-month period provided by Section 39.3 of the Tax Claims Act. Nevertheless, he did not file his Petition until November 11, 2016, more than nine months after he learned of the tax sale and more than six months beyond the statutory timeframe allotted to contest the validity of the sale.  53 P.S. §7193.3.  Based on these facts, we conclude that the trial court properly dismissed the Petition as untimely.  *See City of Philadelphia v. Lawrence,* (Pa. Cmwlth., No. 2175 C.D. 2014,

filed October 28, 2015) (affirming dismissal of a motion to set aside a sheriff's sale that was filed beyond the three months permitted under section 39.3).[7]

Accordingly, we affirm.

_____
MICHAEL H. WOJCIK, Judge

---

[7] *See* Section 414(a) of this Court's Internal Operating Procedures, 210 Pa. Code §69.414(a) ("Parties may . . . cite an unreported panel decision of this court issued after January 15, 2008, for its persuasive value, but not as binding precedent.").

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

City of Philadelphia          :
:
         v.          : No. 266 C.D. 2017
:
Troy Burrell and Abdul       :
Mused 12345, LLC        :
:
Appeal of: Troy Burrell     :

## O R D E R

AND NOW, this 13th day of November, 2017, the order of the Court of Common Pleas of Philadelphia County, dated February 10, 2017, is affirmed.

_____
MICHAEL H. WOJCIK, Judge