# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Duquesne City and Duquesne School   :
  :
           v.                  :     No. 1088 C.D. 2019
  :     Submitted: January 24, 2020
Burton Samuel Comensky,          :
                    Appellant     :


BEFORE:     HONORABLE RENÉE COHN JUBELIRER, Judge
               HONORABLE ANNE E. COVEY, Judge
               HONORABLE CHRISTINE FIZZANO CANNON, Judge


**OPINION NOT REPORTED**


**MEMORANDUM OPINION BY**
**JUDGE COHN JUBELIRER**             **FILED: May 6, 2020**

Burton Samuel Comensky (Appellant), pro se, appeals from an Order of the Court of Common Pleas of Allegheny County (trial court), denying his "Petition to [E]nforce Pa. Statute[s] 42 [Pa.C.S. §] 5522 [and] 42 [Pa.C.S. §] 8103(d)" (Petition) and barring Appellant, without leave of court, from filing anything further that relates to the judicial sale of property Appellant formerly owned. Appellant argues he had the legal right to file the Petition after Duquesne City and Duquesne School (collectively, Taxing Authorities) failed to petition the trial court to fix the fair market value of the property under Section 8103 of the act commonly known as the Deficiency Judgment Act (DJA), 42 Pa.C.S. § 8103. The trial court found the DJA did not apply because Taxing Authorities were not seeking to recover a deficiency judgment. However, by its own terms, the DJA applies to the judgment at issue here, and so whether Taxing Authorities were seeking to recover

a deficiency judgment has no effect on a debtor's right to seek to have a judgment marked satisfied, released, and discharged. Accordingly, we reverse the trial court's Order and remand the matter for the trial court to direct the clerk to mark the judgment satisfied, released, and discharged.

The litigation between the parties involving this real property located at 32 South Sixth Street in the City of Duquesne has spanned more than a decade and has been the subject of many legal actions. We set forth only the relevant facts here.[1] This matter was commenced on October 30, 2007, when Taxing Authorities filed a Praecipe for Writ of Scire Facias Sur Tax Lien and Statement, alleging $12,154.98 was owed in real estate tax liens for delinquent school taxes for the years 1990 and 1995-2006 and delinquent city taxes for the years 1991 and 1995-2006. (Record (R.) Item 1.) After some legal wrangling, including an interlocutory appeal to this Court that was quashed, *Duquesne City School District v. Comensky* (Pa. Cmwlth., No. 1587 C.D. 2010, filed February 24, 2012) (*Comensky I*), the trial court, in December 2013, granted Taxing Authorities' Motion for Judgment on the Pleadings and entered judgment in Taxing Authorities' favor in the amount of $28,003.15 plus additional penalties, interest, and costs that would accrue from the date of judgment. (R. Item 30.) In February 2014, Taxing Authorities filed a Praecipe for Writ of Execution, which was reissued multiple times, before a sheriff's sale was scheduled for September 2015. (R. Items 31-39, 43-44.) When no bids were received on the property, Taxing Authorities filed a "Petition for Rule to Show Cause Why Property Should Not be Sold Pursuant to Section 31.1 of what is commonly known as the Municipal

---

[1] A more complete recitation of the facts leading up to the judicial sale may be found in *Duquesne City v. Comensky* (Pa. Cmwlth., No. 389 C.D. 2016, filed February 1, 2017).

Claims and Tax Liens Act,[2] 53 P.S. § 7282," which was ultimately granted. (R. Items 45, 51.)

A judicial sale was held on January 4, 2016, at which Duquesne City purchased the property for a bid of costs in the amount of $1882.92. (R. Item 65.) Appellant moved to set the sale aside on a number of grounds, including improper service, which the trial court denied. (R. Items 52-53, 58.) This Court upheld the judicial sale in *Duquesne City v. Comensky* (Pa. Cmwlth., No. 389 C.D. 2016, filed February 1, 2017), *appeal denied* (Pa., No. 22 WM 2017, filed April 24, 2017) (*Comensky II*). On July 14, 2017, Duquesne City requested a sheriff's deed for the property. (R. Item 65.) A sheriff's deed was recorded on August 8, 2017.[3] (R. Item 66.)

On July 16, 2018, Appellant filed the Petition. Following briefing and argument, the trial court issued its Order dated July 9, 2019 denying Appellant's Petition as moot, with prejudice. Therein, the trial court also ordered that Appellant was "barred from filing, without prior leave of court, new actions, motions or petitions against [Taxing Authorities] or their designees for the same claims or claims related to the Sheriff's Sale of the property" that was previously litigated before this Court and in federal court. (Order, R. Item 74.) According to the trial court's Order, any such actions would be "dismissed as frivolous pursuant to P[a].R.C.P. No. 233.1,[4] and [Appellant] shall be subject to sanctions as the

---

[2] Act of May 16, 1923, P.L. 207, *as amended*, added by Section 1 of the Act of May 22, 1945, P.L. 844, 53 P.S. §§ 7101-7455.

[3] Appellant alleges the deed was recorded on September 29, 2017, but we see no indication in the record of this date.

[4] Rule 233.1 of the Pennsylvania Rules of Civil Procedure provides:

**(Footnote continued on next page…)**

3

[trial c]ourt deems appropriate." (*Id.*) In its opinion issued pursuant to Pennsylvania Rule of Appellate Procedure 1925(a), Pa.R.A.P. 1925(a) (1925(a) Opinion), the trial court further explained the reasoning behind its Order. Specifically, the trial court found the DJA is inapplicable because "Taxing Authorities have not attempted to obtain a deficiency judgment." (1925(a) Opinion at 3.) The trial court further found that because Taxing Authorities are not pursuing a deficiency judgment, the DJA does "not require Taxing Authorities to petition the court to set the fair market value of the property at issue." (*Id.*) Accordingly, the trial court stated Appellant's Petition was frivolous. (*Id.*) In terms of its Order barring Appellant from filing anything further related to the

_____

**(continued…)**

(a) Upon the commencement of any action filed by a *pro se* plaintiff in the court of common pleas, a defendant may file a motion to dismiss the action on the basis that

(1) the *pro se* plaintiff is alleging the same or related claims which the *pro se* plaintiff raised in a prior action against the same or related defendants, and

(2) these claims have already been resolved pursuant to a written settlement agreement or a court proceeding.

(b) The court may stay the action while the motion is pending.

(c) Upon granting the motion and dismissing the action, the court may bar the *pro se* plaintiff from pursuing additional *pro se* litigation against the same or related defendants raising the same or related claims without leave of court.

(d) The court may *sua sponte* dismiss an action that is filed in violation of a court order entered under subdivision (c).

(e) The provisions of this rule do not apply to actions under the rules of civil procedure governing family law actions.

Pa.R.C.P. No. 233.1.

4

property, the trial court noted "[t]here has already been lengthy litigation in this matter since [Appellant] has continuously challenged service and attempted to set aside the sale of the [p]roperty." (*Id.* at 3-4.) Citing *Comensky II*, the trial court stated the 2013 judgment is final. (*Id.* at 4.) As a result, the trial court reasoned "[i]t was appropriate to bar [Appellant] from future filings without leave of court . . . ." (*Id.*)

Appellant appealed the trial court's Order to this Court. On appeal,[5] Appellant argues the sale price of the property was less than the judgment owed, and when Taxing Authorities failed to file a petition seeking to set the fair market value of the property within six months, under the DJA, he had the legal right to file his Petition. Appellant asserts Section 8103 of the DJA affords debtors, such as himself, the opportunity to have a judgment against the debtor marked satisfied, and he was denied due process when the trial court denied his Petition. Appellant also disputes assertions that Taxing Authorities are not pursuing a deficiency judgment, pointing to a writ of execution that was reissued, which refers to garnishment. Appellant further denies that he is seeking to relitigate the judgment against him; instead, he asserts, he is simply trying to enforce his rights.

Taxing Authorities respond that the DJA is inapplicable because this is an action in rem, not an action in personam.[6] Further, Taxing Authorities argue that because the sale was pursuant to the Municipal Claims and Tax Liens Act, the

---

[5] Our scope of review is limited to determining whether the trial court abused its discretion, rendered a decision unsupported by the evidence, or erred as a matter of law. *McElvenny v. Bucks Cty. Tax Claim Bureau*, 804 A.2d 719, 721 (Pa. Cmwlth. 2002).

[6] "[I]n rem" is defined as "[i]nvolving or determining the status of a thing, and therefore the rights of persons generally in respect to that thing." *In rem*, Black's Law Dictionary (11th ed. 2019). "[I]n personam" is defined as "[i]nvolving or determining the personal rights and obligations of the parties." *In personam*, Black's Law Dictionary (11th ed. 2019).

5

property was sold free and clear, and all tax and municipal liens were extinguished. To the extent Appellant is attempting to redeem the property, Taxing Authorities assert Appellant has no right to redemption. Taxing Authorities further deny that they are seeking to recover additional sums from Appellant, explaining that the writ of execution is a "boilerplate form" and no garnishee is listed. (Taxing Authorities' Brief at 11.) As for the trial court's Order barring Appellant from filing anything further related to the property, Taxing Authorities point out this matter has been litigated before the trial court, this Court, the Pennsylvania Supreme Court, a bankruptcy court, and a federal district court; thus, Rule 233.1 permits the trial court to bar Appellant from pursuing further action.

We begin with Appellant's argument that the DJA permits him to file the Petition. The DJA provides that

> [w]henever any real property is sold, directly or indirectly, to the judgment creditor[7] in execution proceedings and the price for which such property has been sold is not sufficient to satisfy the amount of the judgment, interest and costs and the judgment creditor seeks to collect the balance due on said judgment, interest and costs, the judgment creditor shall petition the court to fix the fair market value of the real property sold. . . .

42 Pa.C.S. § 8103(a). The DJA further provides that:

> [i]f the judgment creditor shall fail to present a petition to fix the fair market value of the real property sold within the time after the sale of such real property provided by section 5522 (relating to six months limitation), the debtor, obligor, guarantor or any other person liable directly or indirectly to the judgment creditor for the payment of the debt, or any person interested in any real estate which would, except for the provisions of this section, be bound by the judgment, may file a petition, as a supplementary proceeding in the matter in which the

---

[7] "Judgment creditor" is defined as "[t]he holder of the judgment which was enforced by the execution proceedings." 42 Pa.C.S. § 8103(g).

6

judgment was entered, in the court having jurisdiction, setting forth the fact of the sale, and that no petition has been filed within the time limited by section 5522 to fix the fair market value of the property sold, whereupon the court, after notice as prescribed by general rule, and being satisfied of such facts, shall direct the clerk to mark the judgment satisfied, released and discharged.

42 Pa.C.S. § 8103(d). It is under this provision that Appellant filed his Petition.

Taxing Authorities argue the DJA does not apply here because the action was commenced by a Praecipe for Writ of Scire Facias Sur Tax Lien and Statement, which is an in rem action, not an in personam action. Taxing Authorities provide no support for the proposition that the DJA applies only to in personam actions. In fact, the DJA itself defines "[j]udgment" as a

judgment which was enforced by the execution proceedings referred to in subsection (a), whether that judgment is a judgment in personam such as a judgment requiring the payment of money or a judgment de terris or **in rem such as** a judgment entered in an action of mortgage foreclosure or **a judgment entered in an action or proceeding upon** a mechanic's lien, **a municipal claim, a tax lien** or a charge on land.

42 Pa.C.S. § 8103(g) (emphasis added). By its very terms, the DJA applies to the judgment at issue here.

Taxing Authorities further argue that they have not sought any deficiency judgment against Appellant. We agree with Taxing Authorities that the writ of execution issued in this case does not seek to garnish Appellant's personal property or financial accounts. However, we disagree that Appellant must wait until Taxing Authorities seek to enforce a deficiency judgment, if ever, to act. The DJA plainly provides that a debtor, such as Appellant, may seek to have the judgment marked satisfied, released, and discharged by filing a petition if the judgment creditor does not seek to fix the fair market value of the property within six months. 42 Pa.C.S.

7

§ 8103(d). That is exactly what Appellant did here. By filing the Petition, Appellant was not attempting to relitigate his past claims regarding the sale of the property, nor could he; he was seeking to have the judgment previously entered against him marked satisfied, released, and discharged, which is within his right to do. Therefore, Appellant's Petition was not frivolous and the trial court erred in barring Appellant from filing anything further without leave of court under Rule 233.1, which governs frivolous litigation by pro se plaintiffs.

Because the DJA does apply to the judgment against Appellant and because the Petition was not frivolous, we reverse the trial court's Order. Upon remand of this matter, the trial court shall direct the clerk to mark the judgment satisfied, released, and discharged.[8]

_____
**RENÉE COHN JUBELIRER,** Judge

---

[8] Appellant's application for oral argument is denied.

**IN THE COMMONWEALTH COURT OF PENNSYLVANIA**

Duquesne City and Duquesne School : 
 : 
v. : No. 1088 C.D. 2019
 : 
Burton Samuel Comensky, : 
                    Appellant : 

# **O R D E R**

**NOW**, May 6, 2020, the Order of the Court of Common Pleas of Allegheny County (trial court), dated July 9, 2019, is **REVERSED**, and this matter is **REMANDED** for the trial court to direct the clerk to mark the judgment against Burton Samuel Comensky (Appellant) satisfied, released, and discharged. The Application for Oral Argument filed by Appellant is **DENIED**.

Jurisdiction relinquished.

_____
**RENÉE COHN JUBELIRER,** Judge